No. 44,640

Frank E. Minor, Sr., *Appellant*, v. State of Kansas, *Appellee.*

(428 P. 2d 760)

Opinion filed June 10, 1967.

*Kenneth E. Pierce,* of Hutchinson, argued the cause, and was on the brief for the appellant.

*Patrick L. Dougherty,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, *Richard J. Rome,* county attorney, and *Raymond F. Berkley,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal from an order of the Reno county district court denying a motion filed by the petitioner, Frank E. Minor, Sr., pursuant to the provisions of K. S. A. 60-1507.

The judgment and sentence, which petitioner challenges in the instant case, was affirmed on direct appeal by this court in *State v. Minor,* 195 Kan. 539, 407 P. 2d 242. In his present *pro se* motion, petitioner alleges several trial errors as grounds for relief. The district court summarily denied the motion, without an evidentiary hearing, on the basis that such a motion could not be used as a substitute for a second appeal.

Petitioner, with the aid of the same court-appointed attorney who represented him at his preliminary hearing, trial, and on direct appeal, raises three points, namely, (1) the trial court erred in

allowing the petitioner to be convicted upon the testimony of an accomplice, (2) the asking of a question concerning the petitioner's prior criminal record, to which the county attorney knew the defense would object, was an indirect comment on the petitioner's silence as to his past, and in effect, forced petitioner to incriminate himself, in violation of the Federal Constitution, and (3) the asking of an objectionable question concerning the petitioner's character was so prejudicial as to deny him due process of law under the Federal Constitution.

Rule No. 121 (c) (4) (194 Kan. xxvii) specifically prohibits the use of a 60-1507 proceeding as a substitute for direct appeal involving trial errors, or as a *substitute for a second appeal*. The rule requires that trial errors be corrected on direct appeal; but in the event no appeal is taken, trial errors affecting constitutional rights may be raised in this type proceeding only if there are exceptional circumstances excusing the failure to appeal.

Petitioner's three points each relate to trial errors which could have been raised in his former direct appeal. In fact, the second and third points concern one of the specifications of error decided adversely to the petitioner in the prior appeal. The only difference is that he now claims the alleged trial error—cross-examination concerning his prior criminal record—affected his constitutional rights. Petitioner was accorded the right to raise any and all trial errors in his direct appeal. Inasmuch as he has already exercised that right, at which time all alleged trial errors were to be presented, he has not brought himself within that portion of Rule No. 121 (c) (4) which permits one in custody to raise for the first time in a 60-1507 proceeding trial errors affecting constitutional rights. The generous use now attempted of our postconviction statute as a substitute for a second appeal is forbidden. A similar situation arose in *Miles v. State,* 195 Kan. 516, 407 P. 2d 507, wherein we said:

"In this case plaintiff, through his own counsel, appealed from his conviction and raised such points as he considered had merit. They were answered adversely to him. In the matter presently before us plaintiff is not only attempting to raise trial errors which could have been, or were raised in his former direct appeal, but he also is attempting to convert this proceeding into a substitute for a second appeal. We have no question here of his right to raise trial errors which could have been raised upon appeal provided there were exceptional circumstances excusing the failure to appeal in the first place—for he did appeal." (p. 518.)

Also, see *Carter v. State,* 199 Kan. 290, 428 P. 2d 758; *Brown v. State,* 198 Kan. 527, 426 P. 2d 49; and *Hanes v. State,* 196 Kan. 404, 411 P. 2d 643.

What has been stated also precludes our considering petitioner's first point. In addition, the point was not mentioned in petitioner's motion or presented to the district court. Under such circumstances, we are in no position to consider the question. This court will not for the first time consider a matter on appeal which has not been presented to the trial court. (*Tate v. State,* 196 Kan. 435, 411 P. 2d 661, and cases therein cited.)

The district court properly denied the petitioner's motion, and the judgment is affirmed.