No. 44,857

STATE OF KANSAS, *Appellee*, v. STEVEN ERNEST DOBNEY, *Appellant*.

(429 P. 2d 928)

Opinion filed July 12, 1967.

*Joel A. Sterrett,* of Topeka, argued the cause, and was on the brief for the appellant.

*Robert D. Hecht,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a direct appeal in a criminal action wherein the defendant, Steven Ernest Dobney, pleaded guilty to three charges of felony—robbery in the first degree (K. S. A. 21-527), unlawful possession of a pistol after conviction of a felony (K. S. A. 21-2611), and assault with intent to kill (K. S. A. 21-431)—and was sentenced to the state penitentiary, where he is presently incarcerated.

The factual background, as disclosed by the record, is brief. Defendant was arrested on March 26, 1966. On March 29 he was charged with the foregoing felonies. Following the appointment of Mr. Robert M. Brown as his attorney, preliminary hearing was held, and the defendant was bound over to the district court for trial. An information was filed on June 3, 1966, Mr. Brown was again appointed in the district court, defendant pleaded guilty, and was sentenced to terms of not to exceed five years for unlawful possession of a pistol, not less than ten years nor more than twenty-one years for robbery in the first degree, and not to exceed ten years

for assault with intent to kill, the latter two sentences to run concurrently but consecutive to the first sentence. Appeal has been duly perfected and present counsel appointed.

Numerous points have been raised, and we shall consider them in the order presented. Defendant first complains he was denied counsel at critical stages of the proceedings, and the lack thereof deprived him of equal protection under the fourteenth amendment of the federal constitution. In his brief, defendant intimates that sometime following his arrest he was interrogated and various incriminating statements were elicited from him. Such suggestion is completely unsupported by the record. Assuming, however, incriminating statements were obtained, they were never offered or used against him. He chose to enter a plea of guilty instead of stand trial. Therefore, whether or not such statements would have been admissible had they been offered in evidence at a trial, is entirely irrelevant. (*Allen v. State,* 199 Kan. 147, 427 P. 2d 598; *Baier v. State,* 197 Kan. 602, 419 P. 2d 865; *Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. denied 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.) Moreover, defendant overlooks the significance of his voluntary pleas of guilty to the crimes charged. We have repeatedly held that an accused's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and every fact alleged therein, and that legally it is the most formal and binding confession possible for him to make. (*Allen v. State,* supra, and cases therein cited.)

Defendant also argues that although he desired counsel, none was afforded him because of his indigency, and thus, he was denied legal advice and investigative help vital to his defense "while the facts were still fresh." The record fails to disclose that defendant ever requested and was denied counsel because of his indigency or any other reason. Furthermore, during the period following arrest, and prior to the appointment of counsel at preliminary hearing, there is no showing that any critical proceedings transpired or that the defendant's rights were prejudiced in any way by the lack of counsel. At most, defendant merely speculates something more favorable might have developed had he had an attorney. (See *State v. Zimmer,* 198 Kan. 479, 426 P. 2d 267.) From what has been said, defendant's constitutional rights were in no way violated by the lack of counsel.

Defendant's next contention that he was prejudiced because of the delay in his being taken before an examining magistrate is likewise without merit. The record fails to disclose the date of arrest, but we are told that it was on Saturday, March 26, 1966. Charges were filed on Tuesday, March 29, and on the same day the defendant was taken before the magistrate. The reason for the delay is not apparent, except that the arrest occurred on the weekend. In what way defendant was prejudiced by the delay is not shown. Even if the time interval be considered excessive, unless the delay in some way deprived the defendent of a fair trial, it did not in and of itself constitute a denial of due process. (*Cooper v. State,* 196 Kan. 421, 411 P. 2d 652; *McFarland v. State,* 196 Kan. 417, 411 P. 2d 658.) The rules of *McNabb v. United States,* 318 U. S. 332, 87 L. Ed. 819, 63 S. Ct. 608, and *Mallory v. United States,* 354 U. S. 449, 1 L. Ed. 2d 1479, 77 S. Ct. 1356, recognized in the federal courts, and cited by the defendant here, have no application to a state criminal proceeding. (*Cooper v. State,* supra; *State v. Stubbs,* 195 Kan. 396, 407 P. 2d 215.) Defendant asks us to reconsider our holdings in *Cooper* and *Stubbs,* but this we decline to do. Defendant further contends that because of the delay he was denied protection under the sixth amendment, which is binding on the states through the fourteenth amendment, citing *Klopfer v. North Carolina,* 386 U. S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988. That case involved the accused's right to a speedy trial and is inapplicable to a situation where, as here, error is alleged because of undue delay in taking an accused before an examining magistrate.

Defendant next complains his rights under the fourteenth amendment were violated by the failure of court and counsel to advise him of his right to appeal and seek a stay of execution pending appeal. This contention lacks substance, for the defendant is now exercising in the present proceeding his right to appeal. Incident to the right of a defendant to appeal a criminal conviction is the privilege accorded him to seek a stay of execution and release from custody pending appeal (K. S. A. 62-1724[b]). We have said the right to appeal is a privilege, a matter of grace, which the state can extend or withhold as it deems fit, or which may be granted on such terms and conditions as it sees fit. It is not a right guaranteed by the constitution of this state or the United States, nor is it a requisite of due process of law guaranteed by the fourteenth amendment; hence, failure to advise a defendant of his right to appeal in no

way deprives him of any constitutional right. (*Allen v. State,* supra; *Ware v. State,* 198 Kan. 523, 426 P. 2d 78.) A stay of execution being a part of the appeal right itself likewise involves no constitutional right. It logically follows that even if the court or counsel failed to advise the defendant of the statutory privilege of a stay of execution pending appeal, there was no violation of any constitutional requirement. It must be assumed that counsel fully advised him of all his rights, for we have no evidence to the contrary except defendant's bald assertion.

Defendant finally contends he was inadequately represented by counsel. On the record before us, the assertion is absurd. From the preliminary hearing stage throughout the remainder of the proceedings, including this appeal, defendant has been represented by capable and experienced counsel. The record shows nothing other than that he has been fairly, adequately and effectively represented at every stage of the case.

We have carefully examined the entire record and find no error. The judgment is therefore affirmed.