No. 45,742

Lonnie Lee Jackson, *Appellant,* v. State of Kansas, *Appellee.*

(465 P. 2d 927)

Opinion filed March 7, 1970.

*Donald W. Vasos,* argued the cause, and was on the brief for the appellant.

*Frank D. Menghini,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Nick Tomasic,* Chief Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a K. S. A. 60-1507 action by the petitioner from the refusal of the trial court to grant relief.

Most points asserted by the petitioner stem from his failure to have a transcript of the trial in the criminal proceedings available.

On the 29th day of April, 1959, the petitioner was charged in an information with statutory rape alleged to have been committed upon one Gloria Walker, a female child of the age of nine years, and with the crime of burglary and grand larceny committed in connection therewith. All of such offenses are alleged to have been committed on the 1st day of February, 1959.

In due course the jury found the petitioner guilty of an attempt to commit statutory rape embraced in the first count of the information, and guilty of grand larceny as charged in the second count. A motion for a new trial was filed and upon hearing overruled, following which the petitioner was sentenced under the habitual criminal act to a term of not less than three years nor more than thirty-one years for the crime of attempting to commit statutory rape, and a term of not less than three years nor more than fifteen years for the crime of grand larceny, said sentences to run consecutively.

No appeal was ever taken to the Supreme Court of Kansas from the judgment of conviction or the imposition of sentence.

It was not until the 17th day of August, 1968, nearly ten years after his conviction, that the petitioner filed his motion to set aside the sentences pursuant to K. S. A. 60-1507 in the district court of Wyandotte County, Kansas. The trial court appointed counsel and ordered an evidentiary hearing which was set for October 8, 1968. The petitioner alleged in his motion that:

"1. The State of Kansas had unconstitutionally suppressed the evidence and testimony of one Dr. A. P. Taliaferro, M. D.

"2. The State of Kansas had unconstitutionally secured his conviction by the use of perjured testimony.

"3. The appellant had twice been put in jeopardy for the same offense.

"4. The evidence did not support a conviction of larceny of an item or items of the value of $50.00 or more."

After hearing the evidence the sentencing court denied the petitioner's motion to set aside the sentence, and appeal has been duly perfected.

The first point asserted by the petitioner is that the trial court erred in refusing to grant his motion for continuance of the 60-1507 hearing, when it became apparent he was unable to obtain a transcript of the original trial in the Wyandotte County district court.

When the petitioner filed his handwritten notice to vacate the sentence, he also filed and made a request for a transcript of the original proceedings, but no transcript of the trial proceedings was prepared or available at the time of the evidentiary hearing conducted by the trial court. The record discloses his petition to set aside the sentence was filed August 17, 1968, and the petitioner was notified by the trial court in a letter on September 5, 1968, that counsel (naming him) was appointed as his attorney to represent him at the hearing which would be held on October 8, 1968. The trial court in its letter advised the petitioner to contact his attorney immediately and give him "names of witnesses that you want to call, their addresses and telephone numbers, if available, and any other relevant matters which you feel your attorney needs in presenting this case."

The record discloses the court reporter at the original trial passed away prior to the filing of the petitioner's 1507 motion, and the court reporter's notes had not been transcribed. Furthermore, no one was found who could read the Pittman shorthand notes taken by the deceased reporter.

The trial court found the petitioner had been in correspondence with the court prior to the filing of his petition in the 1507 proceeding and knew there was no transcript available of the original trial in the criminal action, and consequently no useful purpose would be served by granting a continuance of his hearing until a transcript of the criminal trial could be obtained. The trial court thereupon concluded the denial of the petitioner's request for a continuance was not prejudicial.

Among the statements made by the petitioner's counsel in arguing the motion for a continuance to the trial court was the following:

". . . principally and most importantly we need a record in order to properly set out any constitutional infringements *that may have occurred* at Mr. Lonnie Jackson's trial. . . ." (Emphasis added.)

The record discloses petitioner's counsel at the 1507 proceeding was aware of the fact that no record of the criminal proceedings was available and the reasons therefor. This is not a case where the trial court refused to grant the petitioner's request for a transcript.

The court is therefore confronted with the proposition that the petitioner does not allege specific errors were made in the course of the criminal proceeding, but only that infringements of his constitutional rights may have occurred. At no pont had the petitioner previously asserted this issue because no direct appeal was taken in the criminal proceeding. In *Minor v. State,* 199 Kan. 189, 428 P. 2d 760, the court said:

"Rule No. 121 (*c*) (4) (194 Kan. XXVII) specifically prohibits the use of a 60-1507 proceeding as a substitute for direct appeal involving trial errors, . . . The rule requires that trial errors be corrected on direct appeal; but in the event no appeal is taken, trial errors affecting constitutional rights may be raised in this type proceeding only if there are exceptional circumstances excusing the failure to appeal." (p. 190.)

The foregoing rule now appears in the rules of the Supreme Court as Rule No. 121 (*c*) (3). (201 Kan. xxxiii.)

Here no effort whatever has been made by the petitioner to show that exceptional circumstances existed excusing the petitioner's failure to appeal in the criminal proceeding. (See *Barnes v. State,* 204 Kan. 344, 461 P. 2d 782.)

Even assuming a transcript of the criminal proceedings was available, there would be no duty on the court to furnish the petitioner a copy of it. The law is quite clear that K. S. A. 1968 Supp. 62-1304 relates only to appeals and not to 60-1507 hearings. In *State v. Chance,* 190 Kan. 661, 662, 378 P. 2d 11, it was held the district court was not required to order the county to furnish the defendant a transcript of the proceeding of his trial, because the defendant did not perfect his direct appeal, citing *State v. Shores,* 187 Kan. 492, 357 P. 2d 798.

In *Stiles v. State,* 201 Kan. 387, 389, 440 P. 2d 592, the petitioner in a 60-1507 hearing was denied copies of the trial transcript where no appeal had been perfected. It was said the district court was not required to order the county to furnish the defendant a transcript of his trial proceedings absent an appeal.

It is to be noted K. S. A. 62-1304 was amended by Laws of 1968, ch. 130, § 1, and repealed by Laws of 1969, ch. 291, § 16. In its place the "Aid to Indigent Defendants" act was enacted by Laws

of 1969, ch. 291. (See K. S. A. 1969 Supp. 62-3101, *et seq.*, and in particular K. S. A. 1969 Supp. 62-3106; see, also, *State v. Jefferson*, 204 Kan. 50, 460 P. 2d 610.)

The petitioner also contends the trial court erred in refusing to grant a continuance because three witnesses subpoenaed by the petitioner to testify at the 60-1507 hearing were not present. The sheriff returned the subpoenas stating he had been unable to locate them. These witnesses were named as Mr. and Mrs. Gus Wooden (parents of the complaining witness in the criminal proceedings) and Gloria Walker (complaining witness).

K. S. A. 60-240 (c) provides that the granting of continuances by the court based on the absence of a material witness shall in all cases be discretionary. A proceeding conducted pursuant to 60-1507 is a civil proceeding and the foregoing section applies. K. S. A. 62-1414 provides that continuances may be granted in criminal cases for like causes and like circumstances as in civil cases. Thus, the discretionary portion of 60-240 (c), *supra*, applies to both criminal and civil trials. (See *State v. Zimmer*, 198 Kan. 479, 486, 426 P. 2d 267, cert. denied 389 U. S. 933, 19 L. Ed. 2d 286, 88 S. Ct. 298; and *State v. Hickock & Smith*, 188 Kan. 473, 482, 363 P. 2d 541, cert. denied 373 U. S. 544, 10 L. Ed. 2d 688, 83 S. Ct. 1545.)

K. S. A. 60-240 (c) also states the court need not entertain any motion for a continuance based upon the absence of a material witness, unless supported by an affidavit which shall state:

". . . the name of the witness, and, if known, his residence, a statement of his expected testimony and the basis of such expectation, a statement that the affiant believes it to be true, and the efforts which have been made to procure his attendance or deposition. . . ."

Since the petitioner has made no attempt to support his motion for a continuance with an affidavit, as contemplated by the statute, the state had no opportunity to admit that the absent witnesses would, if present, testify as stated in an affidavit, and that the testimony could be received and considered in evidence. (See *State v. Milum*, 202 Kan. 196, 200, 447 P. 2d 801.)

The petitioner in his motion filed pursuant to 60-1507 alleged:

". . . Mr. Gus Wooden was a close friend, who served time with him at the Jefferson City, Missouri state prison and that it was with Mr. Gus Wooden's permission that he 'borrowed' certain merchandise listed in Count II of the information, which was to be pawned to a Mr. Joe Fletcher and repayable to Mr. Gus Wooden upon defendant's payday.

"By establishing the fact that Mr. and Mrs. Gus Wooden 'deliberately lied' as to defendant's relationship with them—defendant thus presents a *prima facie* case as to whether the merchandise was obtained with or without permission.

"It is also relevant to note that Mr. Joe Fletcher (whom the merchandise was recovered from) was fully aware of the relationship between the defendant and Mr. and Mrs. Gus Wooden."

In view of the petitioner's contention there was perjured and suppressed testimony, it is argued by his counsel that the tremendous significance of acquiring a trial transcript and of procuring the testimony of the three complaining witnesses, needs no extended elaboration. Without them, it is argued, the appellant's so-called right to a full and fair evidentiary hearing was hollow and meaningless.

The burden of proof in a proceeding conducted pursuant to K. S. A. 60-1507 is upon the petitioner. Allegations by the petitioner in his motion which have no foundation in fact do not give rise to a basis for relief. For example, the petitioner alleged in his motion that the state had deliberately suppressed the testimony of Dr. A. P. Taliaferro, a doctor for the Kansas City police department; that had he been called to testify at the criminal proceedings he would have given full authoritative support to the proposition that no crime of attempted rape ever occurred upon the person of one Gloria Walker. This witness was subpoenaed by the petitioner and testified at the 1507 proceeding. Nowhere in the record is Dr. Taliaferro's testimony abstracted. The trial court found the testimony of Dr. Taliaferro did not change the facts upon which the petitioner was convicted in the first instance.

In other words, the petitioner's charge on this point was frivolous. The appellant's failure to bring a sufficient record before this court to disclose the nature of the testimony expected of the absent witnesses likewise suggests the petitioner's contentions are frivolous. This is fortified by the fact that the petitioner's testimony is not even disclosed in the record brought to this court on appeal.

At the 1507 proceeding the court received the testimony of Walt Meyers, Kansas City, Kansas, municipal court clerk; Boston Daniels, Kansas City, Kansas, police department detective; Wayne Phillips, appellant's court-appointed counsel in the original trial; the appellant, Lonnie Jackson; and Dr. A. P. Taliaferro, a police department doctor.

Upon all of the circumstances presented herein, it cannot be said

the trial court erred in the exercise of its power of discretion in refusing to grant the appellant a continuance of the hearing in the 1507 proceeding.

The appellant contends the trial court erred in its conclusion of law that the appellant was not twice placed in jeopardy for the same offense.

It is disclosed the appellant was arrested by Kansas City, Kansas, police and charged with vagrancy, rape and burglary. Subsequently, on the 25th day of February, 1959, the appellant was convicted of *petty larceny* in the Kansas City, Kansas, municipal court and fined $25. Thereafter the appellant was turned over to the state and charged and convicted of *grand larceny*, among other things.

The appellant is aware of this court's decisions in *Earwood v. State*, 198 Kan. 659, 426 P. 2d 151; and *Lawton v. Hand*, 186 Kan. 385, 350 P. 2d 28, which hold that a defendant may be prosecuted for his actions under both a city ordinance and state statute. But the appellant requests the Supreme Court to reappraise this rule, contending the state acts at its peril in choosing the forum in which to prosecute the accused.

Unfortunately the court does not reach this point. Nowhere in the record does the appellant show that the two larceny charges arose out of the same incident. He does not show anywhere that the convictions in both jurisdictions arose out of stealing the same property, and the trial court so found.

Assuming the petitioner testified in support of the allegations of his petition, this court has held that a petitioner's uncorroborated statements in a 1507 proceeding will be deemed insufficient to sustain the burden of proof. (*Stiles v. State*, supra; and *Chambers v. State*, 199 Kan. 483, 485, 430 P. 2d 241.)

Furthermore, double jeopardy is an affirmative defense that a defendant waives by failing to raise it in a timely manner. (*State v. Ward*, 198 Kan. 61, 64, 422 P. 2d 961; and *Cox v. State*, 197 Kan. 395, 416 P. 2d 741.)

Here the appellant did not appeal his conviction in the criminal proceeding. Assuming the appellant had the defense of double jeopardy, we must conclude he waived this affirmative defense.

We hold the trial court did not err in denying the appellant's motion to vacate his sentence pursuant to K. S. A. 60-1507.

The judgment of the lower court is affirmed.