No. 45,872

PETER PAUL TUSCANO, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(478 P. 2d 213)

*Arthur A. Glassman,* of Sloan, Listrom, Eisenbarth, Sloan, and Glassman, of Topeka, argued the cause and was on the brief for the appellant.

*William E. Enright,* Assistant County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Gene M. Olander,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: In September, 1964, the plaintiff, or petitioner, one Peter Paul Tuscano, was tried and convicted by a jury on charges of second-degree burglary and larceny. He was sentenced, pursuant to the provisions of the Habitual Criminal Act (K. S.A. 21-107a), to serve consecutive sentences for the two offenses. The present action, instituted under K. S. A. 60-1507, collaterally challenges the sentences thus imposed. The district court, after conducting an evidentiary hearing, denied relief on the ground that Tuscano had not sustained his burden of proof. Plaintiff now appeals from that decision.

We are not favored with a copy of the plaintiff's petition for relief, but it appears from the journal entry filed in the case that plaintiff based his right to relief on two propositions: (1) That his counsel was ineffective in some eight particulars, and (2) that he was denied due process for the reason that the trial judge did not advise him of his right to appeal. We will discuss ground (1) somewhat later in this opinion but can dispose of the second ground at this point by saying we have frequently held the right to appeal is a privilege or matter of grace, and is not guaranteed by either the Kansas or Federal Constitutions. The corollary is that the failure to advise a convicted defendant of his right to appeal is not a denial of due process. (*Ware v. State,* 198 Kan. 523, 426 P. 2d 78; *Allen v. State,* 199 Kan. 147, 429 P. 2d 598; *State v. Dobney,* 199 Kan. 449, 429 P. 2d 928.)

Somewhat different grounds, however, are contained in plaintiff's statement of points which are, in order: First, ineffectiveness of

counsel, who appears, from the record, to have been privately retained; second, the evidence properly admitted was insufficient to support the verdict and the court erred in admitting evidence; and third, sentence was pronounced under 21-107a without proper notice. The first two of these points are presented in plaintiff's brief without change, but appellate counsel now includes as part of the third point, a contention that proof of prior felony conviction was not established by competent evidence.

The points raised in the plaintiff's brief will be considered in order, the first being ineffective assistance of counsel. In this connection let us say at the start we have long recognized that where defense counsel conducts his client's case with such gross ineptitude as to amount, for all practical purposes, to no defense whatever, the accused has been denied the rudiments of a fair trial and should be granted relief. On the other hand, we have also pointed out that the constitution does not guarantee a defendant the assistance of the most brilliant counsel. (*Smith v. State,* 199 Kan. 293, 429 P. 2d 103, and cases cited therein.)

Judged by such standards, concerning which this court elaborated in the recent case of *State v. Wright,* 203 Kan. 54, 453 P. 2d 1, we are unable to say that the plaintiff, Tuscano, was entirely without representation at the trial of his criminal case, although complete candor compels us to concede that his defense was somewhat less than brilliant. Much, if indeed not most, of what is assigned as ineffectiveness on counsel's part can reasonably be attributed to trial tactics or strategy, which must necessarily depend in large measure on the discretion and judgment, as well as the expertise, of the attorney trying a case. Moreover, the record made in the criminal case shows that Tuscano's counsel conducted a vigorous cross-examination of all prosecution witnesses, and that his direct examination of Tuscano himself was thorough and painstaking.

It is true that on cross-examination of Mr. Tuscano, information was elicited that he had been in the Connecticut reformatory for using a motor vehicle without the owner's permission. This evidence was apparently brought out by the state for the purpose of affecting Tuscano's credibility and, under the provisions of K. S. A. 60-421 which became effective January 1, 1964, was inadmissible for that purpose, for Tuscano had introduced no evidence to support his credibility.

While it is true that counsel's failure to object to the introduction

of this testimony shows a lack of alertness in that particular respect, we are not prepared to say it establishes such incompetence on his part as to have denied Tuscano a constitutionally fair trial. Neither are we disposed to declare that the impermissible evidence was sufficiently prejudicial to taint the trial with constitutional infirmity.

Without going into further detail on this aspect of the case we are impelled to conclude the trial court did not err in holding that Tuscano had not sustained his burden of proving such incompetence on the part of counsel as to have denied him his constitutional right to a fair trial.

The second ground of error is, essentially, that there was insufficient evidence, apart from that improperly admitted at the trial, to support the verdict. This particular ground was not set out, as such, in plaintiff's petition for relief, but we are inclined to mention it briefly since it is related to the charges of incompetence leveled against counsel.

Before going further we should make clear that the instant appeal is not from the conviction itself. Although the trial judge who presided at the 60-1507 hearing did suggest that plaintiff apply to this court for leave to appeal from the conviction out of time (the six-month appeal time prescribed in K. S. A. 62-1724 having long since expired) the appellant never did follow this suggestion. Consequently, the present appeal is simply an appeal from the decision entered in the present post-conviction proceedings, in which type of action trial errors are not ordinarily taken into account. It is only where constitutional rights have been impaired that trial errors may be considered in a 60-1507 action, and then only where exceptional circumstances are found to exist. (*Jackson v. State*, 204 Kan. 823, 465 P. 2d 927; *Minor v. State*, 199 Kan. 189, 428 P. 2d 760; Rules of the Supreme Court No. 121 [c] [3], 203 Kan. xl.)

Without going into the question of whether a claim of insufficiency of evidence is cognizable in proceedings under K. S. A. 60-1507, we may state unequivocally that our examination of the evidence convinces us there was substantial competent evidence apart from that challenged, albeit such evidence was circumstantial, from which the jury could reasonably imply guilt. The plaintiff's second point, in our view, is not well taken.

In his petition for relief under K. S. A. 60-1507, plaintiff has alleged he was not advised of his privilege against self-incrimination by the judge who tried the case, and that he was thus denied

due process. The record discloses, however, that plaintiff was advised concerning the privilege by his own counsel, who testified he was sure he informed Tuscano of his right to testify or not to testify, and they had quite a discussion. Where counsel has discussed with his client the constitutional privilege against self-incrimination, we fail to understand how the client's constitutional rights have been infringed by a failure on the part of the court to advise him in respect thereto.

The final specification of error goes to the validity of the sentence imposed under the provisions of the Habitual Criminal Act. First, it is said that notice of intention to invoke the Act was not given by the state. We think it is fairly revealed by the record that notice was filed in the case by the state two days prior to pronouncement of sentence and a copy was deposited in the mail addressed to defense counsel. It is also disclosed in the record that Tuscano's counsel had not received his copy at the time sentence was imposed, and the state's announcement came as a surprise to him. We are not required, however, to solve the dilemma respecting notice, since we believe the increased sentence under K. S. A. 21-107a was unauthorized for another and wholly unrelated reason.

The only documentary evidence proffered by the state to establish a prior conviction, and hence to justify a sentence under 21-107a, was orally identified by the prosecuting attorney as a copy of the United States Department of Justice, Federal Bureau of Investigation rap sheet which, he said, disclosed a second conviction in Connecticut for using a motor vehicle without the owner's consent. The record does not show that this "rap sheet" was ever admitted by the court. Moreover it was neither certified nor identified by any witness and hence, under the rationale of our decision in *State v. Taylor*, 198 Kan. 290, 299, 424 P. 2d 612, it was not admissible to establish a previous conviction.

In addition to the "rap sheet", attention of the trial court was called to an admission by Tuscano during his testimony, which has previously been referred to, that he had served time in the Connecticut reformatory for using a motor vehicle without the owner's consent. (The county attorney, in his argument before the trial court, erroneously referred to this as an admission of a *second* conviction.) While it is true that conviction of a prior felony can be established by admission of the accused himself, (*Darling v.*

*Hoffman*, 180 Kan. 137, 138, 299 P. 2d 594; *Cunningham v. Hoffman,* 179 Kan. 609, 612, 296 P. 2d 1081) Tuscano's disclosure in this case falls far short of doing so.

The Connecticut statute defines a felony as "any crime punishable by death or imprisonment for *more* than one year", while other crimes, unless designated felony by statute, are defined as being misdemeanors. (Vol. I, General Statutes of Connecticut Revised, § 1-1, p. 77.) Section 14-229, Vol. III, General Statutes of Connecticut Revised defines the offense of unauthorized use of a motor vehicle and provides penalties therefor. For the first offense, confinement is *not more than one year,* while for subsequent offenses longer periods of imprisonment are authorized. Thus, under Connecticut law a first offense of unauthorized use of a motor vehicle is only a misdemeanor, for the statute itself does not designate it to be a felony.

Tuscano's admission does *not* refer to a "second" offense. So far as it goes, his reference to confinement in the reformatory may just as reasonably refer to confinement for a first offense of unauthorized use as to confinement for a second offense, unless perhaps it be that only convicted felons may be committed to the Connecticut reformatory.

We have checked the Connecticut statutes to determine what place its reformatory occupies within the penal system of that state and we find that commitment thereto is not restricted to persons convicted of felony. Vol. IV, General Statutes of Connecticut Revised, § 18-73 provides in pertinent part as follows:

"Any male person between the ages of sixteen and twenty-one years who is convicted in the superior court of an offense for which he may be punished by imprisonment for a *shorter period than life,* either in the State Prison or *in a jail,* may be committed to the reformatory if he appears to the trial court to be amenable to reformatory methods. . . ." (Emphasis supplied.) (p. 225.)

It is clear to us, from the statute, that any convicted miscreant who can qualify for commitment to the Connecticut reformatory by reason of age and amenability may be sentenced to and confined in that institution upon a misdemeanor conviction as well as on conviction for felony.

Drawing on what has been said, we conclude there was no competent evidence of any kind before the court to establish a prior felony conviction against Tuscano. The final sentence of K. S. A. 21-107a (the Habitual Criminal Act) reads:

"Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

The tone of this provision is mandatory; an increased sentence is *not* to be pronounced against a defendant under K. S. A. 21-107a unless the court finds from the record and other competent evidence the fact of former felony conviction. No such evidence was before the court in this case. The "rap sheet" is not shown to have been admitted and, indeed, was not admissible under the rule in *State v. Taylor, supra*. Neither does the record contain any admission by Tuscano of a former felony conviction—only that he had been in the reformatory "for using a motor vehicle without the owner's permission." As we have heretofore illustrated, this admission does not afford any basis for a finding that Tuscano had a former felony conviction.

Concededly, no point was raised in plaintiff's 1507 petition with respect to the validity of the sentence. Hence, the question was not presented to the trial court and the judge was afforded no opportunity to pass upon the issue. Normally this would preclude us from considering the point, for we have often said this court will heed no matters not first presented to the trial court. (See 1 Hatcher's Kansas Digest [Rev. Ed.] Appeal & Error, § 304.)

However, we believe the present case illustrates one of the exceptions to the general rule. The sentencing judge was without authority to pronounce an increased sentence under 21-107a in the absence of any evidence of previous conviction. The present sentence was void within the purview of *McCarthy v. Hudspeth*, 166 Kan. 476, 201 P. 2d 658, where we held that an increased sentence imposed under the Habitual Criminal Act was void where it was predicated on void prior convictions. Hence, a sentencing judge lacks authority to pronounce sentence under 21-107a in the absence of competent evidence of a valid prior conviction.

In *State v. Minor*, 197 Kan. 296, 416 P. 2d 724, we held that where the record in a criminal appeal discloses a jurisdictional defect in the trial court, this court will raise the question on its own motion and rests under a duty to give it consideration. In the course of that opinion we said:

"It is essential to the validity of a sentence in a criminal action that the court pronouncing the sentence be an existing one, lawfully in session at the time of rendition, with jurisdiction over the person and the offense charged,

and having power to pronounce the sentence imposed. (24 C. J. S., Criminal Law, § 1559, p. 389) . . ." (p. 299.)

Here, the trial court no doubt had authority to sentence the defendant under the burglary and larceny provisions of the statute but, in our view it possessed no power to impose an increased sentence under 21-107a, absent proof of a valid prior conviction for felony.

In conclusion, we announce our decision as follows: (1) The trial court did not err in holding that the plaintiff failed to sustain his burden of proving ineffective assistance of counsel or that he was denied due process of law during the course of his trial, and its judgment in such respect is affirmed. (2) The sentence pronounced against the plaintiff under K. S. A. 21-107a is void for reasons heretofore set forth and the sentence is hereby vacated, and this case is returned with directions that plaintiff be re-sentenced according to law without regard to the provisions of K. S. A. 21-107a.

It is so ordered.

FROMME, J., dissenting: In my opinion the action of this court in declaring the sentence under the habitual criminal act void is too robust.

The present attack upon defendant's conviction and sentence is pursuant to K. S. A. 60-1507, and comes six years after conviction.

The questions raised in the 1507 proceeding did not include sufficiency of proof of the prior conviction.

The record on appeal prepared for this court did not encompass the sufficiency of evidence question.

Therefore, we assume from a partial record there was no proof six years before at the trial to support the enhanced penalty. This conclusion is reached by determining there was no evidence to show the conviction in Connecticut was based upon a second offense in that state. The record is not clear on this point.

However, our conclusion that there was no competent evidence before the trial court six years before assumes that the partial record before us in the 1507 proceeding contains all the evidence bearing upon the point presented at the original trial.

This we are not justified to assume and I respectfully dissent.

SCHROEDER and KAUL JJ., joint in the foregoing dissent.