46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sherrill Gary BRINKLEY, Defendant-Appellant.
 No. 93-5469.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: February 2, 1995.
 
 George V. Laughrun, II, Goodman, Carr, Nixon, Laughrun & Levine, P.A., Charlotte, NC., for appellant. Jerry W. Miller, U.S. Atty., Robert J. Conrad, Jr., Asst. U.S. Atty., Charlotte, NC, for appellee.
 Before WILKINSON, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sherrill Gary Brinkley pled guilty to all ten counts of an indictment charging him with conspiracy, various firearms offenses, and possession of a stolen vehicle. He was sentenced to 360 months imprisonment[1] on the following counts: conspiracy, 18 U.S.C. Sec. 371 (1988) (Count One); possession of firearms and ammunition by a convicted felon, 18 U.S.C.A. Sec. 922(g) (West Supp.1994) (Counts Two through Four); possession of a stolen vehicle, 18 U.S.C.A. Sec. 2313 (West Supp.1994) (Count Eight); and possession of an unregistered firearm, 26 U.S.C.A. Sec. 5861(d) (West 1989) (Count Nine). The remaining counts were dismissed after sentencing.
 
 
 2
 Brinkley appeals his sentence on numerous grounds asserted in his main brief and in a pro se supplemental brief. We affirm the sentence as determined by the district court in most respects. However, we find that the separate convictions and sentences imposed on Counts Two and Three constituted plain error, Fed.R.Crim.P. 52(b). Consequently, we remand for resentencing.
 
 
 3
 In September 1990, police searched a storage space in Charlotte, North Carolina, which Brinkley's wife had rented under a false name. Two stolen cars were found, and in one of them, a 1987 Buick, was a suitcase containing two pistols, two rifles, a silencer, and a variety of ammunition. Brinkley had two prior felony convictions. After Brinkley's guilty plea to the federal charges, he was tried and convicted in Kansas of the May 1990 murder of Everett Bishop with an Intratec 9 mm pistol, serial number 112492. The pistol was the same one Brinkley had pled guilty to possessing under Count Two of the federal indictment.
 
 
 4
 At Brinkley's sentencing hearing, the government introduced a transcript of testimony from Brinkley's murder trial in Kansas. It included the testimony of Eric Montgomery, an eyewitness to the murder of Bishop, and of Herbert Drake, an agent of the Bureau of Alcohol, Tobacco and Firearms.
 
 
 5
 Montgomery testified that he, Bishop, and Brinkley took a number of firearms from Bishop's collection to do some target shooting on Bishop's property. Bishop and Brinkley assembled a "Tech 9" pistol by attaching a silencer which came with the gun. Brinkley then shot Bishop with the 9 mm pistol, and finished him off with a .45 caliber pistol. After the murder, Montgomery and Brinkley went back to Bishop's house, where Brinkley helped himself to other guns from Bishop's collection, including a Tanfoglio .380 caliber pistol. Brinkley left the area the next day, taking the weapons with him. Subsequently, the two pistols and the silencer were all seized from Brinkley's storage locker in Charlotte, North Carolina.
 
 
 6
 In calculating Brinkley's sentence, the probation officer recommended application of the cross-reference in guideline section 2K2.1(c)[2] which directs that, if an illegally owned firearm was used in another offense and death results, the guideline for the other offense should be used if the offense level is greater. With an increase under guideline section 2A1.1 (First Degree Murder) and a decrease for acceptance of responsibility, Brinkley's recommended base offense level was forty-one. The resulting guideline range was 360 months to life. Although Brinkley opposed use of the cross-reference in section 2K2.1(c), the district court found that the probation officer had correctly applied it.
 
 
 7
 Brinkley's principal contention on appeal is that the district court erred in applying the cross-reference to murder and thereby increasing his offense level. He argues that for section 2K2.1(c) to apply, the firearm must have been used in another federal offense, but concedes that we rejected the same argument in United States v. Carroll, 3 F.3d 98, 103 (4th Cir.1993). He suggests that his case is distinguishable from Carroll because the murder was not contemporaneous with the Sec. 922(g) offense charged against him. He cites no authority for this proposition, and we do not find it persuasive.
 
 
 8
 Brinkley also contends that application of the cross-reference and the resulting increase in his sentence was a violation of the Double Jeopardy Clause because it was a second punishment for the murder of Bishop. He cites United States v. McCormick, 992 F.2d 437, 440-41 (2d Cir.1993), in which the Second Circuit held that Congress did not intend the same conduct to be both the basis of a federal sentencing enhancement and a separate federal conviction. However, the district court correctly found no double jeopardy bar to a federal sentencing enhancement based on conduct for which the defendant had been convicted in state court. See United States v. Willis, 925 F.2d 359, 362 (10th Cir.1991).
 
 
 9
 In his pro se supplemental brief, Brinkley again argues that, after he testified at the sentencing hearing that the Tech 9 was not the murder weapon, the court should have refused to apply the cross-reference. He also claims that the murder was not related to his firearms offenses. We find these arguments meritless. The murder conviction established by a preponderance of the evidence that Brinkley committed the murder with the Tech 9, and the connection to his Sec. 922(g) conviction for possession of the same weapon was obvious.
 
 
 10
 Brinkley alleges that the district court erred in imposing sentence without making fact findings or tentative findings, see U.S.S.G. Sec. 6A1.3(b), following his testimony and the testimony of a federal agent at sentencing. Because the fact of Brinkley's conviction established by a preponderance of the evidence that he had used the Intratec pistol in the murder, resolution of any issues of credibility arising from the agent's and Brinkley's testimony was unnecessary. The court need only make tentative findings where appropriate. See U.S.S.G. Sec. 6A1.3, comment.
 
 
 11
 The court made no findings on Brinkley's objections to the recommended enhancements for his leadership role in the conspiracy and for the value of the stolen Buick. Brinkley did not address these issues during the sentencing hearing. Because neither enhancement affected Brinkley's final offense level, the district court did not err in failing to resolve these issues.
 
 
 12
 The additional issues raised in Brinkley's supplemental brief are reviewed for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993) (plain error affecting substantial rights may be raised for first time on appeal). Brinkley alleges that his sentence is erroneous because it exceeded the ten-year statutory maximum for the Sec. 922(g) counts. See 18 U.S.C.A. Sec. 924(a)(2) (West Supp.1994). In fact, Brinkley received no more than the statutory maximum on any count. Some of his sentences were made consecutive in order to achieve a sentence within his 360-month to life guideline range, as required by guideline section 5G1.3(d) when the count with the highest statutory maximum is less than the total punishment, i.e., the low end of the guideline range. The term "total punishment," as used in guideline section 5G1.2(b) (total punishment shall be imposed on each count) refers to the combined length of the sentences imposed to achieve the sentence dictated by the adjusted combined offense level. U.S.S.G. Sec. 5G1.2, comment.
 
 
 13
 The statutory maximum of five years was correctly imposed on Count Eight because the guideline range initially determined for that court was superseded by the combined adjusted offense level of 360 months to life. U.S.S.G. Secs. 3D1.4, 5G1.1(a).
 
 
 14
 Finally, Brinkley claims in his supplemental brief that he was improperly convicted and sentenced for multiple violations of Sec. 922(g) without evidence that the firearms were acquired or possessed separately. Absent evidence that the defendant acquired or possessed the firearms separately, a felon in possession of several firearms commits only one offense, and may receive only one conviction and sentence. United States v. Tellez, 11 F.3d 530, 534 (5th Cir.1993), cert. denied, 62 U.S.L.W. 3705 (U.S.1994); United States v. Berry, 977 F.2d 915, 920 (5th Cir.1992) (citing Ball v. United States, 470 U.S. 856, 865 (1985)); United States v. Szalkiewicz, 944 F.2d 653, 654 (9th Cir.1991); see also United States v. Mullins, 698 F.2d 686, 688 (4th Cir.) (construing 18 U.S.C. Sec. 1202(a), predecessor of Sec. 922(g)(1)), cert. denied, 460 U.S. 1073 (1983).
 
 
 15
 Our examination of the record discloses that Counts Two and Three charged Brinkley with possession of the Intratec 9 mm pistol and a silencer, both of which were acquired by Brinkley at the same time from the murder victim, and used together to commit the murder. Therefore, the separate convictions and sentences imposed for Counts Two and Three violated the Double Jeopardy Clause, Berry, 977 F.2d at 920, and vacation of one of these convictions and sentences is necessary. Id.; Szalkiewicz, 944 F.2d at 654. Because Brinkley stole the Tanfoglio .380 caliber pistol from the murder victim's house after the murder, the district court did not plainly err in regarding the pistol as separately acquired and used, or in imposing a separate consecutive sentence on Count Four.
 
 
 16
 Accordingly, we grant Brinkley's motion to file a supplemental brief. Although we affirm the district court's determination of the sentence as a whole, we vacate the sentence and remand for resentencing. On remand, the district court should vacate Brinkley's conviction and sentence on either Count Two or Count Three. The change will result in a thirty-year sentence, the sentence the district court plainly indicated it wished to impose. No double jeopardy problem will arise even if Count Three is left undisturbed, although both Count Three and Count Nine involve the silencer. See United States v. Concepcion, 983 F.2d 369, 391 (2d Cir.1992) (cumulative sentences permissible for violations of Sec. 922(g) and Sec. 5861(d)), cert. denied, 62 U.S.L.W. 3248 (U.S.1993).
 
 
 17
 We deny Brinkley's request for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 18
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Although the district court imposed a combination of five and ten-year sentences on the various counts which totaled 480 months, and the judgment and commitment order reflects the same sentences totaling 480 months, the court expressed its unambiguous intention to impose a sentence of 360 months. When there is a conflict between an unambiguous oral sentence and the written sentence, the oral sentence controls. United States v. Daddino, 5 F.3d 262, 266 (7th Cir.1993); United States v. Morse, 344 F.2d 27, 29. n. 1 (4th Cir.1965). Here, we find that a 360-month sentence was imposed
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)