No. 71,067

STATE OF KANSAS, *Appellee*, v. ROY E. HUMPHREY, *Appellant*.
(905 P.2d 664)

Modification of opinion, filed November 15, 1995. (For original opinion, see *State v. Humphrey*, 258 Kan. 351, 905 P.2d 664 [1995].)

The opinion of the court was delivered by

ALLEGRUCCI, J.: Defendant Roy E. Humphrey was convicted of one count of first-degree murder, two counts of aggravated assault, and one count of unlawful possession of a firearm. His convictions were affirmed in our original opinion, filed October 27, 1995. *State v. Humphrey*, 258 Kan. 351, 905 P.2d 664 (1995). On October 30, 1995, defendant timely filed a motion for rehearing/modification pursuant to Supreme Court Rule 7.06 (1994 Kan. Ct. R. Annot. 43).

Humphrey seeks reconsideration of his argument that the trial court improperly tripled his sentence under the Habitual Criminal Act, K.S.A. 21-4504. One of the documents relied on in tripling Humphrey's sentence was a certified judgment and commitment order from the United States District Court for the District of Colorado. It was marked Exhibit 3 and, when offered, was objected to by defense counsel. Because this document, on which Humphrey's argument was based, was not included in the record on appeal, we stated in the original opinion: "[T]here is no way to consider the merits of Humphrey's contention."

Humphrey, in the motion for rehearing/modification, now advises this court that he requested additions to the appellate record, including the document in question, and that the request was granted on September 8, 1995. Unfortunately, the order granting the request was not forwarded to the Clerk of the Finney County District Court, and the addition to the appellate record was not made.

Since the motion for rehearing/modification was filed, the document in question, Exhibit 3, has been added to the appellate record and reviewed by this court. The document states that Hum-

phrey pled guilty to the felony offense of possessing in commerce and affecting commerce a firearm in violation of 18 U.S.C. App. §1202(a) (1976) and that he was sentenced to imprisonment for 20 months. The federal criminal statute provides in part:

"Any person who . . . has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who . . . possesses . . . in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." 18 U.S.C. App. § 1202(a).

Humphrey relies on cases in which the appellate courts disapproved of proof of prior convictions by FBI and KBI "rap sheets" and a statement made to a court services officer (citing *Tuscano v. State*, 206 Kan. 260, 266, 478 P.2d 213 [1970]; *State v. Taylor*, 198 Kan. 290, 299-300, 424 P.2d 612 [1967]; and *State v. Hicks*, 11 Kan. App. 2d 76, 88, 714 P.2d 104 [1986]). Those cases are readily distinguishable from the present case in which a certified copy of a judgment and commitment order was admitted. Humphrey's contention narrows down to the fact that the offense was not labeled as a felony within the four corners of the document. It is clear, however, from the United States Code in effect at the time that the offense was a felony, and K.S.A. 60-409 authorizes judicial notice being taken of public statutes. Thus, we find no merit to Humphrey's contention.

We affirm our original opinion, with the exception of that part of the opinion which attributed our not considering the merits of Humphrey's argument due to his failure to include Exhibit 3 in the appellate record. We adhere to our affirmance of the judgment of the district court.