NOT DESIGNATED FOR PUBLICATION

No. 122,161

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHERRILL GARY BRINKLEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed December 17, 2021. Affirmed.

*Barry Albin*, of Albin Law Chartered, of Wichita, for appellant.

*Meredith D. Mazza*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., WARNER and ISHERWOOD, JJ.

PER CURIAM: Sherrill Brinkley appeals the denial of his K.S.A. 60-1507 motion. But the arguments he presented in that motion should have been raised during his resentencing hearing or on direct appeal. Because Brinkley cannot receive the relief he seeks through a collateral challenge, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Brinkley's K.S.A. 60-1507 motion raised challenges that arose from convictions in both Kansas and federal courts in the early 1990s. See *State v. Brinkley*, 256 Kan. 808,

1

888 P.2d 819 (1995); *United States v. Brinkley*, No. 93-5469, 1995 WL 38979 (4th Cir. 1995) (unpublished opinion); *Brinkley v. United States*, No. 3:02cv301-MU-02, 2011 WL 1883046 (W.D.N.C. 2011) (unpublished opinion). While visiting Eric Montgomery and Everett Bishop in May 1990, Brinkley killed Bishop with a silenced pistol and, with Montgomery's help, disposed of Bishop's body in the Missouri River. Brinkley left Kansas the next day to return to his Florida home. Several months later, police in Charlotte, North Carolina, found stolen cars and multiple firearms, including the pistol and silencer used in the murder, while searching a storage space pseudonymously rented by Brinkley's wife.

In August 1991, federal prosecutors in North Carolina charged Brinkley with multiple firearms offenses, among other crimes. And with Montgomery's assistance, the State charged Brinkley with first-degree murder in January 1992. That same month, Brinkley pleaded guilty to his federal charges and was returned to Kansas for trial on the state charges. A Kansas jury convicted him of first-degree murder in January 1993, and he was later sentenced to two consecutive life terms. In June, the federal court imposed a 360-month prison sentence, based in part on Brinkley's possession of the pistol and silencer used in the Kansas murder.

Brinkley appealed both convictions. In January 1995, the Kansas Supreme Court affirmed his murder conviction but remanded for resentencing. *Brinkley*, 256 Kan. at 822-23. The Fourth Circuit Court of Appeals ordered the dismissal of one of Brinkley's weapon-possession charges, vacated the sentence, and remanded for resentencing in the federal case. *Brinkley*, 1995 WL 38979, at *3. The federal court reimposed the 360-month sentence, which the Fourth Circuit upheld on appeal. *United States v. Brinkley*, No. 95-5424, 1996 WL 181484, at *2 (4th Cir. 1996) (unpublished opinion).

Brinkley remained in federal prison outside of Kansas and was not resentenced for his Kansas conviction until August 2017. At some point while Brinkley was serving his

federal sentence, the State filed a detainer under the Interstate Agreement on Detainers (IAD) to return him to Kansas for resentencing. Apparently realizing that the IAD was not the correct mechanism to transfer a person who had already been convicted, the State released its detainer in April 2017 and obtained a writ of *habeas corpus ad prosequendum* to transfer him into Kansas custody so he could be resentenced.

Brinkley was returned to Kansas in June 2017. In August, the court conducted a resentencing hearing. After discussing the procedural posture of the case and the events surrounding Brinkley's transfer to Kansas, the court sentenced him to a single term of life imprisonment. When doing so, it found—taking into account the time Brinkley spent in jail and in prison—that Brinkley effectively started serving his sentence in June 1992.

Brinkley finished serving his federal sentence in October 2017 and was immediately released into the custody of the Kansas Department of Corrections. Although it is not part of the record before us, Brinkley indicates in his brief that the Department concluded, based on the effective date of his sentence, that he was immediately eligible to be considered for parole. Brinkley states that he sought release, but the Kansas Prisoner Review Board denied his request for parole at the end of October 2017.

Brinkley appealed the newly imposed sentence to this court. But in January 2018, Brinkley voluntarily dismissed his appeal before any briefs were filed.

A few months later, Brinkley filed a motion under K.S.A. 60-1507—the motion that is the subject of this appeal. His original K.S.A. 60-1507 motion was filed by the same attorney who represented him at the resentencing hearing and related appeal. At Brinkley's request, the district court appointed new counsel to represent him. Brinkley then filed an amended motion, challenging the manner he was returned to Kansas for resentencing and raising a double-jeopardy argument regarding the use of his Kansas

3

conviction to enhance his federal sentence. He also asserted that the 22-year delay before resentencing violated his constitutional right to due process of law, though he did not explain how—other than delaying his hoped-for release—the process harmed him, particularly given his admission that he was immediately considered for parole. But see *State v. Rodriguez*, 60 Kan. App. 2d 320, Syl. ¶ 2, 494 P.3d 155 (2021) (recognizing that claims involving post-remand procedural delays are analyzed using the four constitutional speedy-trial factors from *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 [1972], including the prejudice to the defendant).

The district court held a nonevidentiary hearing on Brinkley's amended motion, where it heard argument from counsel for Brinkley and the State. The court subsequently denied the motion, finding no double-jeopardy violation and declining to address the due process and jurisdiction issues because they were not raised during resentencing.

DISCUSSION

Brinkley raises the same arguments on appeal that he presented in his amended K.S.A. 60-1507 motion. In essence, Brinkley argues the district court should have reopened the 2017 resentencing hearing to allow additional argument regarding the procedure used to transfer him to state custody and the time it took to sentence him after the Kansas Supreme Court's 1995 mandate. In response, the State argues that Brinkley's assertions lack merit. But it primarily asserts that Brinkley's claims are barred by preclusion principles, as his arguments should have been (or were) presented at the original resentencing hearing—or in his direct appeal. We agree that the claims raised are not properly before us, but we reach that conclusion for a slightly different reason: The issues Brinkley raises are not appropriate for a collateral challenge under K.S.A. 60-1507. We therefore affirm the district court.

K.S.A. 60-1507 provides a collateral vehicle for those convicted of crimes to challenge the fairness of the underlying proceedings. See K.S.A. 2020 Supp. 60-1507(a). A court considering a K.S.A. 60-1507 motion may take three courses of action, depending on the motion's contents. First, the court may summarily deny the motion without a hearing if the motion, files, and records from the case conclusively show the movant is not entitled to relief. Second, the court may order a preliminary hearing and appoint the movant counsel. Third, when "the motion and the files and records of the case" do not "conclusively show that the prisoner is entitled to no relief," the court must hold an evidentiary hearing. K.S.A. 2020 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

When the court denies a K.S.A. 60-1507 motion without an evidentiary hearing—as the district court did here—the appellate court is in just as good a position as the district court to consider the merits. We thus review the district court's rulings de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

Here, Brinkley makes no claim that the district court should have conducted an evidentiary hearing on his claims; instead, he asserts the court should have granted his request for relief and either dismissed his case entirely or conducted a new resentencing hearing. But a movant cannot use a K.S.A. 60-1507 motion as a substitute for a direct appeal to correct mere trial errors. Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239). For this reason, allegations regarding statutory trial or sentencing errors and other trial-level claims that do not implicate constitutional rights cannot be raised in a collateral challenge. See *State v. Swisher*, 281 Kan. 447, 449-50, 132 P.3d 1274 (2006). And trial errors affecting constitutional rights may only be raised in a K.S.A. 60-1507 motion if the person seeking relief demonstrates some exceptional circumstance—such as the ineffective assistance of trial or appellate counsel or newfound evidence—that explains why the issues were not previously presented. Rule 183(c)(3); see *Trotter v. State*, 288 Kan. 112, 127, 200 P.3d 1236 (2009).

Brinkley offers no exceptional circumstances to explain why he did not raise his current arguments during his resentencing hearing in 2017 or in his direct appeal. And Kansas courts have found that the issues he raises are waived if not presented at that time. For example, the Kansas Supreme Court has long held that double jeopardy is "an affirmative defense that a defendant in a criminal action waives by failing to raise it in a timely manner." *Jackson v. State*, 204 Kan. 823, Syl. ¶ 6, 465 P.2d 927 (1970). For this reason, when "the defendant in a criminal action fails to perfect an appeal from the judgment of his conviction and sentence"—or voluntarily dismisses his appeal, as Brinkley did—"he cannot for the first time raise the issue of double jeopardy in a proceeding instituted pursuant to K.S.A. 60-1507." 204 Kan. 823, Syl. ¶ 6. Thus, though we—like the district court—have serious doubts as to Kansas courts' ability to consider the merits of Brinkley's double-jeopardy claim, which centers on the length of the sentence in his federal case, that issue is not appropriate for a collateral challenge under K.S.A. 60-1507.

Brinkley's other claims fare no better. Kansas courts have consistently found that without a showing of exceptional circumstances to warrant collateral review, claims involving speedy-trial rights and other procedural delays cannot be raised in a K.S.A. 60-1507 motion. See, e.g., *Adkins v. State*, No. 115,883, 2017 WL 2403266, at *3 (Kan. App. 2017) (unpublished opinion) ("Adkins' speedy trial claim, as a stand-alone issue, is not properly raised in a K.S.A. 60-1507 motion."), *rev. denied* 307 Kan. 986 (2018). And other statutory procedural claims, such as Brinkley's challenge to his method of transfer from federal to Kansas custody, the State's (previously released) detainer under the IAD, and the district court's denial of his request to reopen his sentencing hearing—cannot be raised in this collateral action. See *Swisher*, 281 Kan. at 449 ("A K.S.A. 60-1507 motion is not typically an acceptable vehicle for a nonconstitutional claim of error that could have been addressed on direct appeal.").

Brinkley does not offer any explanation to excuse his failure to raise these issues previously. Nor does he claim that any of these actions rendered his sentence illegal within the meaning of K.S.A. 22-3504. Instead, he treats his K.S.A. 60-1507 motion as an attempted do-over of his 2017 sentencing hearing or his 2018 direct appeal. But this he cannot do. As the Kansas Supreme Court explained over 20 years ago in *State v. Johnson*, 269 Kan. 594, 601, 7 P.3d 294 (2000):

"[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived. Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding."

Whether framed in terms of preclusive principles, judicial efficiency and finality, or the appropriateness of the chosen procedural vehicle, the claims Brinkley raises in his motion may not be addressed in a collateral challenge to a conviction or sentence. The district court did not err when it denied Brinkley's K.S.A. 60-1507 motion.

Affirmed.