**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gene SZALKIEWICZ, Defendant–
Appellant.**

No. 90–10524.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 1991 *.

Decided Sept. 23, 1991.

James L.P. Logan, Jr., Wisdom, Logan &
McNulty, Phoenix, Ariz., for defendant-appellant.

W. Allen Stooks, Asst. U.S. Atty., Dept.
of Justice, Phoenix, Ariz., for plaintiff-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before SCHROEDER and FARRIS,
Circuit Judges, and DUMBAULD,**
District Judge.

PER CURIAM:

Appellant Gene Szalkiewicz appeals his convictions for four counts of possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1). Szalkiewicz claims he was improperly convicted of multiple counts of 18 U.S.C. § 922(g)(1) based on his possession of multiple weapons on the same date. We agree and reverse.

On October 26, 1989, federal agents seized five machine guns, five silencers and nine pistols and revolvers from the appellant's apartment in Phoenix, Arizona. Szalkiewicz, a convicted felon, admitted to possession of the weapons. The indictment charged Szalkiewicz with numerous firearms violations. Counts XII and XV through XVIII of the indictment, at issue here, alleged possession of several firearms by Szalkiewicz on or about October 26, 1989, in violation of 18 U.S.C. § 922(g)(1). Szalkiewicz was convicted by a jury of all counts, and was sentenced to 24 months in prison and ordered to pay a fine and costs.

This court has held that only one offense is charged for possession of firearms by a felon, regardless of the number of firearms involved, absent a showing that the firearms were stored or acquired at different times and places. *United States v. Wiga*, 662 F.2d 1325, 1336 (9th Cir.1981), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). Szalkiewicz filed a motion to arrest judgment after his sentencing. Szalkiewicz claimed that counts XII and XV through XVIII were multiplicitous because they alleged possession of several firearms on the same date. The government contended that because the record contained evidence that Szalkiewicz had acquired the weapons separately, the multiple counts could stand. The district court denied Szalkiewicz's motion to arrest judgment and he now appeals.

** Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

In *Wiga,* we affirmed the defendant's multiple convictions for possession of firearms by a convicted felon pursuant to 18 U.S.C.App. § 1202(a)(1). We did so not only because the evidence demonstrated that the weapons were purchased at different times and different places, but also because the indictment alleged "the separate and distinct acts of acquisition" and because the separate and distinct acquisitions were presented to the jury. *Id.* at 1336–37.

Other circuits have held that the jury must be instructed to find separate acquisition or possession for multiple convictions to stand. *See, e.g., United States v. Valentine,* 706 F.2d 282, 294 (10th Cir.1983) (overturning multiplicitous convictions where jury did not find separate possession or acquisition, despite uncontroverted evidence indicating weapons were delivered separately); *United States v. Frankenberry,* 696 F.2d 239, 245 (3d Cir.1982) (vacating sentence based on multiplicitous convictions where indictment charged possession of weapons on or about same date, where evidence did not establish separate possession or acquisition, and where no jury finding regarding non-simultaneous possession), *cert. denied,* 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1392 (1983). We agree with the Tenth Circuit's statement in *United States v. Valentine:*

> The problem with the Government's theory is that, although there was uncontroverted evidence of separate delivery of the two guns, the jury did not find and was not asked to find that there had been, indeed, two separate acts. Under the cases relied upon by the Government, separate receipt is a necessary element for multiple convictions under both section 922 and section 1202. It is therefore axiomatic that the defendant has a right to a jury finding on this essential issue.

*Valentine,* 706 F.2d at 294.

Because the jury made no finding of fact as to separate acquisition or possession, Szalkiewicz's multiple convictions under 18 U.S.C. § 922(g)(1) cannot stand. We therefore vacate appellant's convictions on counts XV, XVI, XVII and XVIII of the indictment.

The district court's denial of Szalkiewicz's motion to arrest judgment with respect to Counts XV, XVI, XVII and XVIII is REVERSED, and the matter is REMANDED FOR RESENTENCING.