961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando TOM, Defendant-Appellant.
 No. 91-10352.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 28, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orlando Tom appeals his convictions, following a jury trial, of four counts of aggravated sexual abuse of a minor under the age of twelve in violation of 18 U.S.C. §§ 1153 and 2241(c). Tom contends that the district court erred by denying his motion for directed verdict on three of the four counts because those counts were part of one continuous act of sexual abuse which merged into one count of the indictment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a district court's determination that charges are not multiplicitous. United States v. Mayberry, 913 F.2d 719, 724 (9th Cir.1990).
 
 
 4
 "[M]ultiplicity prohibits the charging of a single offense in several counts and is intended to prevent multiple punishment for the same act." United States v. Hurt, 795 F.2d 765, 774 (9th Cir.1986), cert. denied, 484 U.S. 816 (1987). Nonetheless, it is well established in this circuit that certain crimes, even if part of one continuous scheme, may give rise to multiple counts of conviction. See United States v. Szalkiewicz, 944 F.2d 653, 654 (9th Cir.1991) (per curiam) (overturning multiplicitious convictions "because the jury made no finding of fact as to separate acquisition or possession," despite uncontroverted evidence showing separate delivery of the two firearms); United States v. Vaughn, 797 F.2d 1485, 1493 (9th Cir.1986) ("each mailing in furtherance of [a mail fraud] scheme constitutes a separate violation" of the mail fraud statute); United States v. Wiga, 662 F.2d 1325, 1336-37 (9th Cir.1981) (simultaneous possession of firearms acquired at different times and places by a felon supported multiple convictions), cert. denied, 456 U.S. 918 (1982). Consistent with our approach in other cases, we conclude that in order to sustain Tom's multiple convictions for aggravated sexual abuse: (1) the evidence must demonstrate that the sexual acts occurred at different times and different places; (2) the indictment must allege separate and distinct acts of aggravated sexual abuse; and (3) the district court must instruct the jury to find separate and distinct acts. See Szalkiewicz, 944 F.2d at 654.
 
 
 5
 Here, the indictment charged Tom with four counts of aggravated sexual abuse. At trial, the victim testified to the following undisputed facts. Tom abducted her from a squaw dance and dragged her into a group of trees. He took off her clothes and attempted to have sexual intercourse with her, but she ran. Tom immediately caught her and had intercourse with her. The victim pushed him away three additional times, but Tom held her arm each time and took her to another location. He had intercourse with her at each location. She managed to escape after the fourth act of intercourse. The district court instructed the jury to make a separate finding of fact that Tom knowingly penetrated or attempted to penetrate her vulva with his penis on each count.
 
 
 6
 The uncontroverted evidence established that Tom had sexual intercourse with victim at four different times and four different places. The indictment alleged four counts and the jury was instructed to make a finding of fact as to each count. Therefore, the district court did not err by denying Tom's motion for directed verdict as to Counts II, III and IV. Cf. Szalkiewicz, 944 F.2d at 654.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3