**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**William Emory McDOWELL,**
**Defendants–Appellees.**

No. 05–30466.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2006.

Filed Dec. 7, 2006.

Gregory A. Gruber, Esq., USTA–Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellant.

Catherine Chaney, Esq., Seattle, WA, for Defendants–Appellees.

Before: KOZINKSI and FERNANDEZ, Circuit Judges, and WINMILL,* District Judge.

## MEMORANDUM **

The district court did not violate McDowell's Sixth Amendment rights.[1] The district court's inquiry into McDowell's first two requests to substitute counsel addressed his specific concerns. The

---

* The Honorable B. Lynn Winmill, United States District Court Chief Judge for the District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We review the district court's denial of a motion for substitution of counsel for abuse of discretion. *See United States v. Adelzo–Gonzalez,* 268 F.3d 772, 777 (9th Cir.2001).

district court did not abuse its discretion by failing to hold a third hearing. The court was already familiar with McDowell's arguments. *See United States v. Smith*, 282 F.3d 758, 764–65 (9th Cir.2002). In addition, the conflict was not "extensive [or] irreconcilable." *See Id.* at 763. Thus, we affirm the district court's denial of McDowell's motions to substitute counsel.

 McDowell did not allege a flaw in his indictment before trial. He therefore waived his right to object to the indictment, and we cannot review a claim that the indictment was multiplicitous—even for plain error. *See United States v. Smith*, 866 F.2d 1092, 1094–95 (9th Cir. 1989). But McDowell also challenges his *convictions* as multiplicitous. And while he did not preserve this objection, we can review this claim for plain error. *See United States v. Smith*, 424 F.3d 992, 1000 (9th Cir.2005). We conclude that defendant's claim meets the three-part test for plain error laid out in *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The error was plain because a defendant who possesses multiple firearms cannot be convicted on more than one felon-in-possession count—absent evidence that the defendant acquired the firearms at different times and places. *See United States v. Szalkiewicz*, 944 F.2d 653, 653–54 (9th Cir.1991) (per curiam); *United States v. Wiga*, 662 F.2d 1325, 1336 (9th Cir.1981).[2] The second conviction affects substantial rights because it has collateral consequences, including an increased sentence under a re-

cidivist statute for a future offense. *See Ball v. United States*, 470 U.S. 856, 864–65, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). Moreover, this error was serious enough to " 'affect[ ] the fairness, integrity or public reputation of judicial proceedings.' " *Olano*, 507 U.S. at 732, 113 S.Ct. 1770 (quoting *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). We therefore vacate defendant's conviction on Count II of the indictment.[3]

 We review for plain error McDowell's claim that the sentence of 175 months violated the statutory maximum sentences for Counts I, II, III and VII. *See United States v. Morris*, 827 F.2d 1348, 1352 (9th Cir.1987) (issues not raised below are reviewed for plain error). Because the sentence imposed did not exceed the statutory maximum of the count carrying the longest sentence, it did not substantially affect his rights or constitute a "miscarriage of justice." McDowell therefore cannot satisfy the plain error standard. *Olano*, 507 U.S. at 736, 113 S.Ct. 1770. However, we note that it is at the very least preferable to specify sentences on each count of conviction and to identify whether those sentences run concurrently or consecutively. *See e.g., United States v. Batimana*, 623 F.2d 1366, 1370–71 (9th Cir.1980). On remand, the district court shall do so.

 The district court erred by failing to group McDowell's counts of conviction into a single group. USSG § 3D1.2(c) requires that the counts be grouped because

---

**2.** The suggestion in *Szalkiewicz*, 944 F.2d 653, and *Wiga*, 662 F.2d at 1336, that separate *storage*—as opposed to acquisition of firearms—can support separate felon-in-possession charges is dicta at best, as those cases turned on the question of separate acquisition.

**3.** In vacating the conviction on the second count, we do not preclude the possibility of

that conviction being reinstated by the district court if the conviction on the first count is reversed or vacated on any further appeal or in proceedings under 18 U.S.C. § 2255. *Cf. United States v. Jose*, 425 F.3d 1237, 1247 (9th Cir.2005) (suggesting the availability of such a procedure where a jury convicts on both a greater and lesser included offense).

the count of felon in possession of a firearm embodies conduct that is treated as an adjustment to the guideline applicable to another of the counts. U.S. SENTENCING GUIDELINES MANUAL § 3D1.2(c) (2004). We reverse and remand for re-sentencing on this issue.

 Nothing in the record indicates that McDowell unlawfully obtained, possessed or distributed the Olympic Arms PCR–40 assault rifle.[4] Thus, the district court erred by adding the two-level enhancement pursuant to USSG § 2K2.1. U.S. SENTENCING GUIDELINES MANUAL § 2K2.1 cmt. n. 6 (2004). We reverse and remand for re-sentencing on this issue as well.

AFFIRMED in part, REVERSED in part, and REMANDED for re-sentencing.

---

4. We review de novo whether the district court erred by interpreting the Sentencing Guidelines to add a two-level enhancement for possession of three or more firearms. *See United States v. Ellsworth,* 456 F.3d 1146, 1149 (9th Cir.2006).