**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10528 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00238-LJO-SKO-1 |
| v. | |
| JUAN MANUEL PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted June 14, 2016
San Francisco, California

Before: D.W. NELSON, TASHIMA, and OWENS, Circuit Judges.

Juan Manuel Perez appeals from the district court's denial of his motion to suppress, his convictions, and his sentence. We affirm in part, and vacate and remand in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The district court did not err in denying Perez's motion to suppress evidence found and statements made during the search of the structure in which Perez was located because the police had probable cause to believe the structure at issue was Perez's residence.

For the police to enter a residence on the basis of an arrest warrant or on the basis of a parole search condition, there must be probable cause to believe that the person named in the arrest warrant or the person subject to the search condition resides there. *See United States v. Harper*, 928 F.2d 894, 896 (9th Cir. 1991) (arrest warrant), *overruled in part on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012) (per curiam); *see also United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006) (parole search condition). Our circuit has "applied a relatively stringent standard in determining what constitutes probable cause that a residence belongs to a person on supervised release." *Howard*, 447 F.3d at 1262. "[T]he facts known to the officers at the time of the search must have been sufficient to support a belief, in a man of reasonable caution," that the parolee lived at the residence. *Id.* (internal quotation marks and citation omitted). "This is a higher standard than a mere well-founded suspicion." *Id.*

Given the totality of the circumstances, the police here had probable cause to believe the structure was Perez's residence. There was a warrant for Perez's arrest

because he failed to keep an address on file with his parole officer. The police therefore did not have an address at which officers could locate him (or any address to surveil to determine whether he lived at a reported address, as opposed to the address the witness reported). *See id.* at 1265 (listing as an important factor in the probable cause analysis whether a parolee had an address on file). Further, it was reasonable for the police to rely on the information provided by the witness. She was not a confidential or otherwise suspicious informant, but rather came to provide information to the police in person. Additionally, her information was corroborated when the police confirmed that Perez was a parolee-at-large and when she led police to Perez's specific location amongst several other structures.

Accordingly, we affirm the district court's denial of Perez's motion to suppress.

**2.** There was sufficient evidence for the jury to convict Perez for possession of the firearm in violation of 18 U.S.C. § 922(g)(1) under a constructive possession theory. The firearm was found in his residence, and the caliber of the firearm matched the caliber of ammunition that Perez was carrying in his pocket. Moreover, some of the ammunition in Perez's pocket had the same manufacturer markings as the cartridge loaded in the weapon. A reasonable juror could have inferred that Perez knew of the firearm's existence and had the power and intent to

control it.  *See United States v. Vasquez*, 654 F.3d 880, 885-86 (9th Cir. 2011).

Thus, we affirm Perez's conviction for felon in possession fo a firearm under

§ 922(g)(1).

**3.**  Perez's convictions and sentences on count two (for felon in possession

of a firearm under § 922(g)(1)) and count three (for felon in possession of

ammunition under § 922(g)(1)) are cumulative punishments that violate the Double

Jeopardy Clause.

To be convicted on two separate counts under § 922(g)(1), the government

must demonstrate that the firearms and/or ammunition "were stored or acquired at

different times and places."  *United States v. Wiga*, 662 F.2d 1325, 1336 (9th Cir.

1981) (quotation omitted).  Separateness of acquisition or possession must be

found by a jury.  *See United States v. Szalkiewicz*, 944 F.2d 653, 653-54 (9th Cir.

1991) (per curiam); *see also United States v. Ankeny*, 502 F.3d 829, 838 (9th Cir.

2007).

Here, the district court gave no instructions to the jury regarding

separateness of acquisition or possession.  The jury therefore made no such finding

regarding separateness of acquisition or possession of the firearm and ammunition

Perez possessed.  This is plain error.  *See id.* at 839.  Thus, we vacate and remand

with instructions for the district court to vacate the multiplicitious conviction,

4

sentence, and special assessment fee.  *See United States v. Zalapa*, 509 F.3d 1060, 1065 (9th Cir. 2007).  The district court may, in its discretion, choose which multiplicitous conviction and sentence to vacate.  *See United States v. Hector*, 577 F.3d 1099, 1104 (9th Cir. 2009).

**4.**  Perez challenges his sentence under the Armed Career Criminal Act (ACCA).  Perez was sentenced under the ACCA because the district court determined that he had been convicted of three predicate violent felonies, one of which—the violation of Cal. Penal Code § 69—was considered a violent felony under the residual clause.  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  Since Perez's sentencing, the Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015), holding that the residual clause is unconstitutionally vague, in violation of the Due Process Clause.  Accordingly, and consistent with the position of both parties, we vacate and remand for resentencing in light of *Johnson*.

For the reasons stated in Parts 3 and 4, the sentence is vacated and the case remanded for resentencing.

**AFFIRMED in part, VACATED and REMANDED in part.**