**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50107 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00482-JAH-1 |
| v. | |
| NOE RENE LUGO, AKA No-No, AKA Wolfie, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted August 15, 2019
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and WU,** District Judge.

Defendant-Appellant Noe Rene Lugo appeals his convictions and sentences

for one count of dealing in firearms pursuant to 18 U.S.C. § 922(a)(1)(A), and four

counts of felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g). He

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

contends that: (1) the district court plainly erred at trial in allowing improper expert testimony from three law enforcement officers; and (2) it erred in failing to give a jury instruction on separate acquisition or storage of the firearms as to his felon-in-possession counts, resulting in multiplicitous convictions. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and **VACATE** Count 4 but **AFFIRM** as to the remaining counts. In light of the partial vacatur, we **REMAND** to the district court for re-sentencing.

As to the expert testimony contention, Defendant did not object to that testimony at trial, so we review for plain error. *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990). We hold that the three law enforcement officials were not testifying as experts because their testimony was based on their personal involvement in the investigation. *See United States v. Barragan*, 871 F.3d 689, 704 (9th Cir. 2017). Therefore, the district court did not plainly err.

Next, Plaintiff contests his convictions for Counts 3, 4, and 5 citing to: (1) the district court's failure to instruct the jury on separate acquisition or storage of the weapons, (2) the duplicitous nature of the convictions, and (3) the lack of sufficient evidence to sustain the convictions.[1] Because Defendant failed to

---

[1] In its Opposition Brief, the United States requests that we vacate one of Defendant's felon-in-possession counts (Count 4) based on evidence in the record that Defendant acquired or stored the weapons underlying Count 3 and Count 4 at the same time.

challenge the instructions below or raise the Double Jeopardy issue, we review that claim for plain error.[2]  *See United States v. Kilbride*, 584 F.3d 1240, 1247 (9th Cir. 2009).  We review claims of insufficient evidence de novo.  *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 727 (9th Cir. 2011).

Under the plain error standard, we will affirm unless there has been: (1) an error; (2) the error was plain; (3) the error affected substantial rights; and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732 (1993).  To determine whether the failure to give a jury instruction, even on an element of a charge, seriously affected the fairness of the proceeding, courts analyze whether there was "overwhelming" and "essentially uncontroverted" evidence that establishes the omitted element.  *See, e.g.*, *Johnson v. United States*, 520 U.S. 461, 469-70 (1997); *United States v. Cotton*, 535 U.S. 625, 632-33 (2002).

In order to sustain multiple convictions of felon-in-possession, a jury must find that the weapons charged in different counts were either stored or acquired separately from one another.  *United States v. Szalkiewicz*, 944 F.2d 653, 653 (9th Cir. 1991) (per curiam) ("This court has held that only one offense is charged for

_____

[2] Relying on *United States v. Garcia*, 37 F.3d 1359 (9th Cir. 1994), Defendant argues that we should review his instructional error challenge de novo because it relates to Defendant's sentencing.  *Garcia* is inapplicable here as it simply stands for the premise that a district court has a duty to instruct the jury that it must specify the object of a conspiracy charge.  *See Garcia*, 37 F.3d at 1370.

possession of firearms by a felon, regardless of the number of firearms involved, absent a showing that the firearms were stored or acquired at different times and places."). However, even in the absence of an instruction on separate acquisition or storage, we find that there is overwhelming evidence of separate acquisition of the weapons charged in Counts 3 and Counts 5. Because there is essentially uncontroverted evidence of separate storage, Defendant's Double Jeopardy and insufficient evidence arguments also fail.[3] On Count 4, we agree with the United States' request and **VACATE** Defendant's conviction of that count.

Despite the vacatur of Count 4, the United States urges us to affirm Defendant's sentence based on evidence in the record that the district court will impose the same sentence. We instead follow the customary practice and remand to allow the district court to consider the effect of the vacatur on Defendant's sentence. *See United States v. Christensen*, 828 F.3d 763, 821 (9th Cir. 2015), *as amended* (July 8, 2016).

**VACATED** as to Count 4; **AFFIRMED** as to the remaining counts; and **REMANDED.**

---

[3] Defendant has pointed out that, during the pendency of this appeal, the Supreme Court held that the United States must prove that a possessor of a firearm knew he or she fell within one of the prohibited groups listed in 18 U.S.C. § 922(g). *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Defendant, however, is not entitled to relief under *Rehaif* because the record is clear that he knew he was a felon as per 18 U.S.C. § 922(g)(1) during the times he possessed the firearms.