No. 46,314

ALVIN R. TURNER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(494 P. 2d 1130)

Opinion filed March 4, 1972.

*Jerry W. Dickson,* of Prairie Village, argued the cause and was on the brief for the appellant.

*Jim Wheeler,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from a denial of a motion under K. S. A. 60-1507. A plenary hearing was held. Thereafter the trial court carefully examined each point raised by appellant and rejected the same in an eight page journal entry.

Appellant's conviction of first degree murder was previously affirmed by this court in *State v. Turner,* 193 Kan. 189, 392 P. 2d 863. The facts of the case are summarized in that opinion. Suffice it to say that Turner drove the "get-away" car while a friend, Roy Jack Loren, Jr., burglarized a home and killed the occupant. The murdered man was John R. Keach, a prominent Johnson county attorney. Appellant was convicted of first degree murder under the felony murder rule.

Three of appellant's five points were raised and considered in the direct appeal. The trial court refused to consider these points at the 1507 hearing. These three points were: (1) Turner was

denied an impartial jury as a result of the court's refusal to grant a change of venue; (2) He was denied due process because of failure of the court to quash the information since it charged he personally committed the homicide and he was tried under the felony murder rule; and (3) His pretrial statements were improperly admitted in evidence in violation of his right against self-incrimination.

It is well settled that proceedings authorized by K. S. A. 60-1507 may not be used as a second appeal on questions previously raised and considered by this court. See *Cipolla v. State,* 207 Kan. 822, 486 P. 2d 1391, and *Eaton v. State,* 206 Kan. 187, 476 P. 2d 694.

Appellant points to language in *Baker v. State,* 204 Kan. 607, 464 P. 2d 212, where the rule as stated is prefaced by the word "ordinarily". He argues that the points now urged were not fully considered upon direct appeal and the exception should be applied to this case.

However, appellant fails to show he was precluded from a review of these alleged errors when he took his direct appeal. The exception, which gives rise to the use of the term "ordinarily", refers to circumstances of a particular case where new principles of law affecting the court's original opinion have been declared after the case was considered on direct appeal. See *Barnes v. State,* 204 Kan. 344, 461 P. 2d 782, and *Baker v. State,* supra. The cases upon which appellant would rely were all available at the time of the original *Turner* decision. These three points were fully answered. The appellant here presents only an altered emphasis on his earlier arguments. No basis for applying the exceptional circumstances rule appears and the three points will not be re-examined.

Appellant raises additional points. First he contends the exclusion of prospective jurors having scruples against capital punishment denied him a jury representing a cross section of the community.

The death penalty was not imposed in this case. The holding of *Witherspoon v. Illinois,* 391 U. S. 510, 20 L. Ed. 2d 776, 88 S. Ct. 1770, is clearly limited to cases where the jury imposes the death penalty. In the absence of evidence of an unrepresentative jury in the record the exclusion of jurors opposed to capital punishment will not be presumed to result in an unrepresentative jury on the issue of guilt or to increase the risk of conviction in violation of constitutional standards.

In *Witherspoon* the specific contention now raised by appellant was considered and rejected. This court previously examined and rejected appellant's present contention. See *Zimmer v. State,* 206 Kan. 304, 477 P. 2d 971, and *State v. Roth,* 207 Kan. 691, 694, 486 P. 2d 1385. The exclusion of jurors opposed to capital punishment will not be presumed to result in an unrepresentative jury on the issue of guilt or to increase the risk of conviction in violation of constitutional standards. On the basis of the evidence in this record there is no showing that the jury which tried appellant was in anyway an unrepresentative jury on the issue of guilt or that the manner of their selection increased the risk of conviction.

Appellant's next contention is that jurors were improperly disqualified by the court under K. S. A. 62-1404 and 1405. It is urged the voir dire examinations failed to disclose sufficient facts to warrant disqualification under these statutes.

In the absence of any evidence in the record to show that the court's rulings on disqualification resulted in an unrepresentative jury on the issue of guilt or that this increased the risk of conviction no error of constitutional proportions is raised. Such will not be presumed. Therefore the matter is, at most, a trial error not reviewable in a 1507 proceeding. The trial court's rulings as to disqualification of jurors will not be disturbed unless disqualification appears as a matter of law or unless there has been a clear abuse of discretion. In either event review of such matters is limited to direct appeals. See *State v. Coleman,* 206 Kan. 587, 481 P. 2d 1008, and *State v. Dearman,* 203 Kan. 94, 453 P. 2d 7, cert. den. 396 U. S. 895, 24 L. Ed. 2d 173, 90 S. Ct. 194.

The final point urged on the court is ineffective assistance of counsel at the trial. In a 1507 proceeding the burden of establishing the incompetency of an attorney or the ineffective assistance of counsel to the extent necessary to overcome the presumption of regularity of a conviction is upon the petitioner. (*Baker v. State,* supra.) The law does not guarantee an accused the assistance of the most brilliant and experienced counsel, but it does require honest, loyal, genuine and faithful representation on the part of counsel, be he retained or appointed. (*State v. Brown,* 204 Kan. 430, 464 P. 2d 161.) Effective assistance of counsel cannot be equated to assistance of counsel which is considered successful by a defendant. (*Cipolla v. State,* supra.) Competence must be gauged by the totality of the representation and not by fragmentary seg-

ments thereof in isolation. (*Johnson v. State*, 203 Kan. 947, 457 P. 2d 181.) Trial strategy should not be confused with ineptitude. (*Tuscano v. State*, 206 Kan. 260, 478 P. 2d 213.)

Appellant had the assistance of two competent attorneys at his trial. The trial court appointed David Gilman of Johnson county and Myles Stevens, a black attorney from Wyandotte county, to defend. The second attorney was appointed because appellant was black and the court desired to appoint a black attorney to assist in the defense. Both were experienced attorneys and Mr. Stevens was a former assistant prosecuting attorney in Wyandotte county. It would serve no useful purpose to outline the legal work which was performed for this unappreciative appellant. The record discloses that appellant was represented throughout the critical stages of the trial proceedings by two competent and able attorneys. The trial court found appellant had the effective assistance of competent legal counsel and there is an abundance of substantial evidence in the record to support that finding.

The judgment denying relief is affirmed.