NOT DESIGNATED FOR PUBLICATION

No. 126,955

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHAWN BROWN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Oral argument held July 8, 2025. Opinion filed October 31, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Shawn Brown appeals the summary denial of his K.S.A. 60-1507 motion, which alleged numerous issues of ineffective assistance of trial counsel and appellate counsel. After careful review, we find neither counsel provided ineffective assistance, and we affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2013-CR-50, Shawn Brown was charged with murder in the first degree for the killing of Shawn Rhone while in the commission of a felony. Following Brown's preliminary hearing, his charges were amended to include criminal discharge of a firearm and attempted aggravated robbery.

About a month later, in 2013-CR-1132, Brown was charged with murder in the first degree for the killing of Adji Tampone while in the commission of a felony. Brown was also charged with robbery for the taking of Tampone's cellphone and vehicle.

Brown remained in custody during the pendency of both cases. The case summary for 2013-CR-50 indicates Brown's trial was continued by the defense on May 20, 2013; July 1, 2013; September 23, 2013; and December 9, 2013. Similarly, in 2013-CR-1132, the jury trial was continued by the defense on August 8, 2013; September 23, 2013; and December 9, 2013.

In December 2013, the State moved to consolidate both cases for trial. The district court granted that request. The five-day consolidated trial began on January 21, 2014. In 2013-CR-50, the jury found Brown guilty of murder in the first degree, criminal discharge of a firearm, and attempted aggravated robbery. In 2013-CR-1132, the jury found Brown guilty of murder in the first degree and aggravated robbery.

In 2013-CR-1132, the district court sentenced Brown to a lifetime sentence without the possibility of parole for 20 years for murder in the first degree. Based on Brown's criminal history score of B, the district court sentenced Brown to 228 months' incarceration for aggravated robbery and ran the sentences consecutive to each other.

In 2013-CR-50, the district court sentenced Brown to a lifetime sentence without the possibility of parole for 20 years for murder in the first degree. Based on Brown's criminal history score of B, the district court imposed a controlling sentence of 128 months in prison for attempted aggravated robbery and ran the sentences concurrent with each other.

Brown appealed, arguing his statements to police should have been suppressed; there was insufficient evidence to support the convictions; and the district court gave erroneous jury instructions. The Kansas Supreme Court affirmed Brown's convictions. *State v. Brown*, 306 Kan. 1145, 1146, 401 P.3d 611 (2017).

The procedural posture of this case is somewhat confusing and is not relevant to the issues raised in this appeal. Needless to say, beginning on May 29, 2018, Brown filed several pro se motions, including K.S.A. 60-1507 motions in both of his criminal cases and a motion to correct an illegal sentence and for assistance of counsel. Hearings on Brown's motions were rescheduled several times before different judges.

Brown's K.S.A. 60-1507 motion was eventually given a civil case number and, on January 11, 2022, the district court and parties agreed that Brown, through counsel, would file an amended K.S.A. 60-1507 motion addressing all of Brown's allegations, and the State and court would respond.

Brown's counsel filed a supplemental 60-1507 pleading on March 25, 2022. It identified nine allegations of ineffective assistance of trial counsel and six allegations of ineffective assistance of appellate counsel but did not argue them. The claims against trial counsel were:

- Failure to file an alibi notice;
- failure to object to Brown's criminal history score;

3

- failure to use an affidavit "given to him by Petitioner's brother" which would have "exonerated Petitioner";
- failure to make certain objections at trial;
- failure to file certain pretrial motions;
- falling asleep during trial;
- failing to move to suppress Brown's statement as coerced;
- failure to challenge the sufficiency of the evidence; and
- failure to object to an aiding and abetting instruction.

Brown's allegations of ineffective assistance of appellate counsel were:

- Failure to challenge the admission of hearsay statements;
- failure to incorporate the existence of an affidavit that would have exonerated Brown in the appeal;
- failure to argue the sufficiency of the evidence, specifically the lack of physical evidence;
- failure to raise the issue of the use of cellular telephone evidence;
- failure to advise Brown his appeal had been adversely decided until three months later; and
- failure to withdraw after being asked to withdraw.

The State responded on July 18, 2022. On February 15, 2023, the district court summarily dismissed Brown's K.S.A. 60-1507 motion. The court determined that several of Brown's claims against trial counsel were conclusory: (1) failing to pursue an alibi defense; (2) failing to use an affidavit; (3) failing to make objections; (4) falling asleep; and (5) failing to object to an aiding and abetting instruction. The district court also found trial counsel's failure to object to Brown's criminal history and failure to file pretrial motions lacked merit based on the record. Finally, the court concluded the claims for

4

failing to suppress and failing to argue the sufficiency of the evidence were contrary to the record.

The district court similarly found three of Brown's claims against appellate counsel were conclusory: (1) failing to challenge hearsay statements; (2) failing to argue the affidavit; and (3) failing to suppress a cell phone. In addition, the court found appellate counsel did address the sufficiency of the evidence and Brown was not prejudiced by the delayed notice that Brown's appeal had been adversely decided.

Brown timely appealed.

ANALYSIS

*Standard of Review*

"When the district court summarily [dismisses] a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief." *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019).

*Discussion*

We analyze claims of ineffective assistance of counsel under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, a defendant must show that defense counsel's performance was deficient—that is, defense counsel's performance fell below an objective standard of reasonableness. If defense counsel's performance was deficient, the defendant must then show that there is a reasonable probability that, absent defense counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability

5

sufficient to undermine confidence in the outcome. *State v. Evans*, 315 Kan. 211, 217-18, 506 P.3d 260 (2022).

Judicial scrutiny of defense counsel's conduct must be highly deferential, and every effort must be made "to '"eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."'" 315 Kan. at 218. A reviewing court must strongly presume counsel's conduct fell "'within the wide range of reasonable professional assistance.'" *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021).

I.      *Trial Counsel Did Not Provide Ineffective Assistance of Counsel*

A movant bears the burden of establishing entitlement to an evidentiary hearing. The movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If this showing is made, the district court must hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

On appeal, Brown raises 11 claims of ineffective assistance of trial counsel. Three of these claims—failure to adequately challenge the sufficiency of the evidence, failure to adequately argue Brown's statement to police should be suppressed, and an improper aiding and abetting jury instruction—are simply attempts to relitigate issues raised and ruled on during Brown's direct appeal. Similarly, Brown's counsel was not ineffective for failing to move to suppress evidence found on Brown's mother's cell phone because Brown did not have standing to suppress the evidence. Brown, moreover, cannot show prejudice resulting from trial counsel's failure to object to hearsay testimony at Brown's preliminary hearing because Brown was convicted by a jury without the hearsay testimony.

Brown also contends he received ineffective assistance of trial counsel because counsel failed to raise a speedy trial violation, failed to ensure Brown was present at every critical stage of the proceeding, and failed to seek severance of Brown's preliminary hearing from his brothers' preliminary hearings. But Brown was not prejudiced by the failure to sever the preliminary hearings, his speedy trial rights were not violated, and Brown has not provided an evidentiary basis to show he was not present at a critical stage of the proceeding. Similarly, Brown's remaining claims are conclusory, and he did not provide evidentiary support for his allegations.

A. *Failure to file an alibi notice and pursue an alibi defense*

Brown contends his trial counsel provided ineffective assistance of counsel by failing to file a notice of alibi and provide an alibi defense. Yet Brown did not identify any potential alibi witnesses by name until his appellate brief. Brown initially complained that "his attorney['s] failure to contact named alibi witnesses constituted ineffective assistance of counsel." Similarly, the supplemental K.S.A. 60-1507 pleading filed by Brown's counsel "alleges that there were facts and circumstances known to [trial counsel] that should have given rise to a notice of alibi and an alibi defense at trial."

In *Breedlove v. State*, 310 Kan. 56, 66, 445 P.3d 1101 (2019), the Kansas Supreme Court addressed a claim of ineffective assistance for failing to pursue an alibi defense based on Breedlove's assertion "that an unidentified friend had given him a ride home at the time of the murder." The *Breedlove* court held that Breedlove failed to carry his burden because he did not identify the friend and "points to nothing in the record that would indicate that he told his counsel about the alibi or provided his attorney with any information from which such a defense could have been developed." 310 Kan. at 66. As a result, the allegation was conclusory, and counsel's performance was not deficient. 310 Kan. at 66.

Here, Brown did not identify any potential alibi witnesses before the district court, although he identifies an alibi witness in his appellate brief. New evidence, however, "cannot be presented for the first time on appeal." *State v. Miller*, 257 Kan. 844, 848, 896 P.2d 1069 (1995). And, even on appeal, Brown provides no evidentiary support for his claim. As in *Breedlove*, here there is only Brown's conclusory statement without any evidence to suggest his trial counsel knew of, and failed to investigate, a potential alibi defense. Brown's counsel did not provide ineffective assistance of counsel for failing to file a notice of alibi and present an alibi defense.

B.      *Failing to use Milo Brown's affidavit or call Milo as a witness*

Brown's supplemental 60-1507 pleading contended his trial counsel "did not make use of an 'affidavit' given to him by Petitioner's brother, which contained information that would have exonerated Petitioner."

The district court found Brown's claim was conclusory and did not require an evidentiary hearing. The district court did not address the first *Strickland* prong—whether counsel provided deficient performance. 466 U.S. at 687-88. Instead, the court began its analysis of this claim with a focus on prejudice. The court found Brown could not show prejudice because he could not show "a reasonable probability of success but for counsel's deficient performance, as required by *Trotter v. State*, 288 Kan. 112, 128, 200 P.3d 1236 (2009)." The district court noted Milo's affidavit would have been hearsay unless Milo agreed to testify—something it found highly unlikely since Milo had been "convicted of the same murder days before this trial." After considering the facts in both *State v. Brown*, 303 Kan. 995, 368 P.3d 1101 (2016) (Milo Brown), and *State v. Brown*, 306 Kan. 1145, 401 P.3d 611 (2017) (Shawn Brown), the district court concluded that "the affidavit provides no probability for a different outcome at trial."

On appeal, Brown asserts trial counsel was ineffective for failing to use Milo's affidavit or to call Milo as a witness because "Milo's assertions would have exonerated him on all charges in the Rhone homicide." He alleges trial counsel failed to interview Milo and, as such, the decision not to call Milo could not have been trial strategy.

Citing *Moncla v. State*, 285 Kan. 826, 176 P.3d 954 (2008), Brown argues he is entitled to an evidentiary hearing on his "newly discovered evidence claims" because he "alleges facts from Milo Brown which do not appear in the original record which, if true, would entitle Brown to relief," identifies Milo as a witness, and the evidence could have been produced at trial "but for trial counsel's failure to investigate . . . ."

Milo's affidavit stated:

"That on the day of January 2, day of 2013 I called my brother Shawn Brown to come pick me up from S. Fortuna street to take me to meet a friend on northeast Parkway My brother Shawn dropped me off around 6:30 or 6:45 pm. then Shawn left and he told me that he was going down the street to one of his friends house on 14th pinecrest st. but I don't know who his friend is or live at on that street. Shawn then left me standing out side at a bandit house I was standing out in front of that house for a while tell I knowdist I didn't have my leg charger. So I called my brother Shawn back at 7:00 and told him I need to go back to Myron Petters house to get my leg charger. Shawn then told me he was on his way home so I told him to come get me first and my brother Shawn came to get me around 7:02 or 7:04 and from there we went to Myron house then back home."

Contrary to Brown's claim, Milo's affidavit does not exonerate him. Terrell Vernor, the GPS contractor for the Kansas Department of Corrections, testified that Milo's GPS ankle monitor arrived at the house on Northeast Parkway at 6:51 p.m. He remained there until 7:07 p.m. Detective Tom Fatkin testified there was a 45-second difference between the 911 dispatch system and Vernor's program. In other words, "if you are using that scenario and you are talking about 1:00 p.m., to like you were saying it would be 1:00

9

p.m. and plus or minus 45 seconds." Officer Charlie Byers testified he heard six gunshots at 7:08 p.m. Rhone was found shot at the QuikTrip at 13th and Oliver Street at 7:09 p.m. Further, Detective Robert Chisholm testified that, during Shawn Brown's interrogation, he acknowledged that he knew many of the details of the robbery attempt while he, his brother Milo, and Petters were driving around.

Milo's affidavit simply confirms Brown dropped off and picked up his brother from the scene of Rhone's homicide. As the district court noted, "the affidavit corroborates (albeit in a sterilized manner) rather than refutes Shawn Brown's participation." In other words, the affidavit does not exonerate Brown. Assuming Milo testified similarly to his affidavit, the outcome at trial would not have been different. The district court thus did not err when it found Brown was not prejudiced.

Brown also claims he was deprived of his federal due process rights and his state constitutional rights "to have his favorable witness testify at trial." The State correctly notes that Brown raises this issue for the first time on appeal. An issue not raised below generally may not be raised for the first time on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Further, nothing in the record suggests the district court *prohibited* Milo from testifying. Instead, Brown simply did not call Milo as a witness.

C.       *Failure to object to Brown's prior juvenile adjudications*

Brown asserts his trial counsel provided ineffective assistance of counsel for failing to object to his criminal history at sentencing. Brown acknowledges he "generally raised the issue in his 1507 motion that counsel was ineffective for failing to object to his criminal history but did not include the specific objection that should have been made." On appeal, Brown argues his juvenile adjudications should not have been considered because he was not advised he had the right to enter a not guilty plea to the juvenile adjudications.

The State contends Brown failed to identify why his criminal history score was objectionable before the district court. It further argues that "because his murder convictions were off-grid offenses, his sentences were unaffected by his criminal history score."

The State is only partially correct. As Brown acknowledges, he did not raise this issue below. But Brown's criminal history score did affect his sentences. In 13-CR-1132, the aggravated robbery charge was considered the primary crime. Brown was sentenced to 228 months' imprisonment based on the severity level of the conviction and his criminal history score of B. See K.S.A. 2012 Supp. 21-6819(b)(2)-(3). Similarly, in 13-CR-50, the primary crime was attempted aggravated robbery. Based on the severity level of the crime and Brown's criminal history score of B, the district court sentenced Brown to 128 months' imprisonment for this conviction.

Still, Brown is not entitled to relief. First, the district court's order noted: "This court was able to verify the journal entries in dispute simply by reviewing its own court file. An objection to criminal history had no possibility of success on the merits, and as such counsel was not ineffective by not objecting." And, at sentencing, the district court asked both trial counsel and Brown if either had any objections to Brown's criminal history. Brown concurred with counsel that all five juvenile adjudications were accurate; he did not suggest any of his juvenile adjudications should not be considered for any reason.

Brown has not shown his counsel provided deficient performance and has not shown prejudice. Here, trial counsel did not provide ineffective assistance of counsel by failing to object to Brown's criminal history.

11

D.      *Failure to object to or failure to move to strike the testimony of Darius Smith*

Brown argues his trial counsel "failed to object or move to strike the testimony of Darius Smith due to his testimony conflicting with the statement of Brittany Knighton." Brown's argument is not persuasive.

Brown essentially complains that there was conflicting evidence. But it is a jury's role "to weigh conflicting evidence and to reach findings of fact therefrom." *English Village Properties, Inc. v. Boettcher & Lieurance Constr. Co.*, 7 Kan. App. 2d 307, 309, 640 P.2d 1282 (1982). And Brown does not identify the basis for trial counsel's objection to Smith's testimony nor a basis under which his testimony could be stricken. Brown simply makes the conclusory statement that counsel was "deficient in failing to object to or move to strike Smith's testimony given the conflicting testimony of Knighton."

Brown's trial counsel did not provide ineffective assistance of counsel for failing to object to, or failing to move to strike, witness testimony.

E.      *Failure to file pretrial motions*

The district court found Brown's claim that his trial counsel was ineffective for failing to move to sever the preliminary hearings lacked merit. The court also agreed with the State's assessment "that a speedy trial motion would have been without merit, and further agrees that there has been no showing that a critical stage took place without the defendant's presence. As such, these claims fail as well."

On appeal, Brown asserts trial counsel was ineffective for failing to file a pretrial motion to dismiss for speedy trial violations and a "motion to be present at all stages of

12

the criminal proceedings." He also argues his preliminary hearing should have been severed from his brothers' preliminary hearings.

### 1. *Speedy trial*

Whether a defendant's speedy trial rights have been violated is a question of law subject to unlimited review. *State v. Brownlee*, 302 Kan. 491, 506, 354 P.3d 525 (2015). K.S.A. 2012 Supp. 22-3402(a) states:

> "(a) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant or a continuance shall be ordered by the court under subsection (e)."

The Kansas Supreme Court has "clearly established that the statutory right to speedy trial does not apply to criminal defendants who are held in custody for any reason other than the subject criminal charge." *State v. Mann*, 274 Kan. 670, 699-700, 56 P.3d 212 (2002). This applies even when a defendant is being held for criminal charges in multiple cases. 274 Kan. at 700.

*Adkins v. State*, No. 115,883, 2017 WL 2403266, at *4 (Kan. App. 2017) (unpublished opinion), is instructive. There, Adkins was charged in 09CR3379 with one count of aggravated kidnapping, two counts of aggravated battery, and one count of endangering the welfare of a child. He was also charged with two counts of offender registration violation in 09CR3389. Adkins remained in custody for both cases until his consolidated trial.

Following his direct appeal, Adkins filed a K.S.A. 60-1507 motion alleging his trial counsel was ineffective for not protecting his speedy trial rights. After reviewing

13

K.S.A. 22-3402(1) (Torrence 2007) and *Mann*, the panel determined: "Adkins was held in custody awaiting trial in two separate cases. Adkins' speedy trial rights were not violated in 09CR3379 because he was also being held in 09CR3389. Likewise, Adkins' speedy trial rights were not violated in 09CR3389 because he was also being held in 09CR3379." 2017 WL 2403266, at *4. Even though both cases were consolidated for trial, Adkins' speedy trial rights were not violated. 2017 WL 2403266, at *4.

Adkins similarly asserted his trial counsel was ineffective because counsel requested continuances over Adkins' objection. The panel concluded an evidentiary hearing was not necessary because "even if we assume that Adkins' trial counsel requested continuances over his objection, this action did not result in a violation of Adkins' speedy trial rights." 2017 WL 2403266, at *4.

Here, Brown was arraigned in 2013-CR-50 on March 25, 2013. The State filed a complaint in 2013-CR-1132 on May 2, 2013—38 days later. The district court granted the State's motion to consolidate the cases on December 27, 2013. The trial in both cases began on January 21, 2014. As in *Adkins*, Brown's statutory speedy trial rights were not violated.

## 2. *Motion to be present at all critical stages of the trial*

In *State v. Wright*, 305 Kan. 1176, Syl. ¶ 1, 390 P.3d 899 (2017), the Kansas Supreme Court held: "A continuance hearing is a critical stage of a criminal trial, requiring the defendant's presence." Here, the district court found "there has been no showing that a critical stage took place without the defendant's presence." And Brown similarly provides no evidence to support his claim on appeal. Furthermore, even if a continuance hearing occurred without Brown's presence, that error is harmless because, as discussed above, Brown's speedy trial rights were not violated. We therefore find

Brown did not receive ineffective assistance of counsel based on trial counsel's failure to move to dismiss based on alleged speedy trial violations.

Even if Brown's speedy trial rights were impacted, Brown would likely not be entitled to relief. Under K.S.A. 22-3402(g), when a delay attributed to the defendant is subsequently attributed to the State, the delay "shall not be used as a ground for dismissing a case or for reversing a conviction unless not considering such delay would result in a violation of the constitutional right to a speedy trial or there is prosecutorial misconduct related to such delay."

A court considers four factors when a defendant makes a constitutional speedy trial claim: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State v. Owens*, 310 Kan. 865, 869, 451 P.3d 467 (2019). "The length of the delay between arrest and trial is key to the analysis. Until the delay rises to the level of presumptively prejudicial, it is not necessary to inquire into the other *Barker* factors." *State v. Davis*, 277 Kan. 309, 334, 85 P.3d 1164 (2004).

The Kansas Supreme Court has held that 13-month and 23-month delays were not presumptively prejudicial in murder trials. See *Owens*, 310 Kan. at 872; *State v. Hayden*, 281 Kan. 112, 128, 130 P.3d 24 (2006); *State v. Mathenia*, 262 Kan. 890, 895, 942 P.2d 624 (1997). But whether a delay is presumptively prejudicial depends on the circumstances of the case. *Owens*, 310 Kan. at 872-73.

Here, 13 months passed between Brown's arrest and his trial. Between his consolidated cases, Brown was charged with two interconnected felony murders, aggravated robbery, attempted aggravated robbery, and criminal discharge of a firearm. The trial lasted 5 days, and the State called more than 30 witnesses. This certainly was

not a simple, straightforward case. Under these circumstances, as in *Hayden* and *Mathenia*, the delay was not presumptively prejudicial.

Brown did not receive ineffective assistance of trial counsel based on trial counsel's failure to move to dismiss based on speedy trial violations because Brown's speedy trial rights were not violated. Further, even assuming that Brown was not present during all the continuances attributed to the defense, Brown's constitutional speedy trial rights were not violated.

3.  *Motion to sever Brown's preliminary hearing from his brother's preliminary hearing*

Brown argues he was prejudiced by having a preliminary hearing with his brother, Milo. He argues he received ineffective assistance of counsel because trial counsel failed to move to sever his preliminary hearing from his brother Milo's preliminary hearing. The State asserts Brown's factual recitation is incorrect because the joint preliminary hearing was actually held for Brown and his brother, Jerone. In fact, in 2013-CR-50, the court held a joint preliminary hearing for Brown and his brother Milo. And in 2013-CR-1132, the district court conducted a joint preliminary hearing of Brown and his brother Jerone.

Even assuming Brown is complaining about a joint preliminary hearing with his brother Jerone instead of or in addition to his joint preliminary hearing with his brother Milo, trial counsel's performance was not deficient for failing to move to sever Brown's preliminary hearing from either brother's preliminary hearing. First, as discussed more fully below in Section I, in both cases the State advised the district court some of its witnesses' testimony could only be considered against Jerone or Milo. Second, as both parties recognize, when a defendant is found guilty beyond a reasonable doubt at trial, "any error at the preliminary hearing stage is harmless unless it appears that the error

16

caused prejudice *at trial*." (Emphasis added.) *State v. Lee*, 266 Kan. 804, 807, 977 P.2d 263 (1999).

Brown complains that, if counsel had severed his preliminary hearing, he "may not have been bound over." But this is not prejudice at trial. Any error based on counsel's failure to sever Brown's preliminary hearing from his brothers' hearings was harmless because Brown has not shown he was prejudiced at trial.

F.      *Falling asleep*

Brown argues trial counsel was ineffective because counsel fell asleep during his trial. Brown alleged:  "Counsel failed to adequately represent him in trial [because] counsel fell asleep." The district court determined this allegation, "with no details or indication from the record, is conclusory and without merit." Brown provides no evidentiary basis for his allegation except his conclusory statement, and there is no evidentiary support in the record. Thus, Brown has not shown he was entitled to an evidentiary hearing on whether trial counsel was ineffective on this basis. See *Thuko*, 310 Kan. at 80.

G.      *Failure to effectively argue that Brown's statement to police should have been suppressed*

Brown argues his trial counsel was ineffective for "failing to effectively argue his statement [to police] should be suppressed." Brown asserts his statement should have been suppressed "because he was told he could not get an attorney unless he was charged with a crime."

This issue was already decided against Brown in his direct appeal. *Brown*, 306 Kan. at 1156. A K.S.A. 60-1507 motion cannot be used to relitigate an issue resolved on

17

direct appeal. *Turner v. State*, 208 Kan. 865, 866, 494 P.2d 1130 (1972). Brown cannot relitigate this issue.

Brown also provides no evidentiary support for his claim that his statement was coerced by the officers. He relies only on his conclusory statements to that effect. As such, Brown is not entitled to relief. See *Thuko*, 310 Kan. at 80.

H.      *Failure to effectively challenge sufficiency of evidence*

Brown seeks to relitigate the sufficiency of the evidence in his K.S.A. 60-1507 motion. This is contrary to a K.S.A. 60-1507 motion's purpose. It is "not [to] be used as a second appeal on questions previously raised and considered by this court." *Turner*, 208 Kan. at 866. Our Supreme Court has already addressed Brown's sufficiency of the evidence claim, finding there was sufficient evidence to support the convictions. *Brown*, 306 Kan. at 1164.

Accordingly, Brown's trial counsel did not provide ineffective assistance of counsel in failing to challenge the sufficiency of the evidence for Brown's convictions.

I.      *Failure to object to hearsay in Brown's preliminary hearings*

On appeal, Brown argues that he is entitled to a new trial because the State presented hearsay statements at the preliminary hearing. His K.S.A. 60-1507 counsel framed this issue as:  "Counsel failed to make certain objections at trial, specifically 3rd party hearsay objections regarding certain testimony given at trial." Brown specifically contends that Cameron Porter and Russell Worthey provided hearsay testimony which resulted in Brown being bound over for trial.

Brown did not present the information included in his brief to the district court. Instead, he merely presented the conclusory claim that "his case should be reversed due to the fact that the State only presented hearsay and 3rd party hearsay which was why Mr. Brown was bound[] over for trial." But Brown was not bound over based on hearsay.

At the preliminary hearing in 2013-CR-50—which was jointly held with the preliminary hearing for Milo—the State began by noting that "Cameron Porter will be offered solely for the statements that Milo Brown told him . . . in the chapel at the jail and therefore they can't be used against Shawn Brown." Porter testified regarding a conversation he had with Milo. At the conclusion of Porter's testimony, the district court asked Shawn Brown's counsel: "[D]o you think that you have a dog in this hunt?" Counsel replied, "Not today." And during Brown's counsel's closing arguments at the preliminary hearing, the court again stated that it was not considering Porter's testimony "in any way relative to your client."

Similarly, in Brown's preliminary hearing for 2013-CR-1132, the State began by noting that "Russell Worthey will be only used for Jerone Brown." During Worthey's testimony, the State reminded the district court: "And, again, this is just pertaining to Jerone Brown as far as [Worthey's] testimony." When the district court asked Brown's counsel if he had any questions of Worthey, counsel responded, "I don't have a dog in this particular fight, Judge. No questions."

As the record shows, in both preliminary hearings, the hearsay Brown complains of was only considered for his codefendants (for whom the testimony was not hearsay). Brown's counsel was not deficient for failing to object to hearsay at the preliminary hearings.

J.    *Failure to object to the jury instruction*

Before the district court, Brown argued he received ineffective assistance of counsel because trial counsel failed to object to the aiding and abetting jury instruction given by the district court. While Brown's counsel did not explain the alleged error, Brown's pro se supplemental filing claimed he did not request an aiding and abetting instruction. The district court denied the claim as conclusory since Brown did not allege why the instruction was improper and the court found the instruction appropriate.

On appeal, Brown raises an entirely different argument. He now claims Jury Instruction 9, which set forth the elements of aggravated robbery, did not identify the overt act necessary to convict. He claims his trial counsel should have objected to the instruction because Brown was not provided with sufficient notice of what he was to defend against. And he claims his appellate counsel argued the instruction was broader than the complaint charging the crime when, instead, counsel should have argued the instruction deprived Brown of his due process rights.

The problem with Brown's argument is, as noted above, Brown's K.S.A. 60-1507 counsel did not raise the aggravated robbery jury instruction in his supplemental K.S.A. 60-1507 pleading. Issues not raised before the district court cannot be raised for the first time on appeal. *Green*, 315 Kan. at 182. Thus, this claim is not properly before us.

K.    *Failure to move to suppress evidence from Brown's mother's cell phone*

Brown argues trial counsel was ineffective for failing to move to suppress evidence obtained through a cell phone. He contends officers seized and searched the phone without a warrant. The district court found his claim conclusory, in part because Brown did not identify the cell phone his claim referenced. On appeal, Brown clarifies that he refers to a cell phone owned by his mother, with the number 616-XXXX.

20

While neither party argues whether Brown had standing to suppress the evidence obtained from the cell phone, we find that he does not. A defendant must have standing to challenge the validity of a search. *State v. Dannebohm*, 308 Kan. 528, 532, 421 P.3d 751 (2018). To have standing, an individual must have "'had an expectation of privacy in the area searched.' A person who lacks 'an ownership or possessory interest in the property searched has little legitimate expectation of privacy in that property.' [Citation omitted.]" *State v. Cox*, 51 Kan. App. 2d 596, 599, 352 P.3d 580 (2015).

At trial, Euva Brown testified the cell phone associated with 616-XXXX was her phone, but her children used it the most. Specifically, Euva's two daughters and Milo used the phone. Brown and Jerone did not use it because they both had their own phones. As a result, Brown had little, if any, expectation of privacy in his mother's cell phone. Brown thus did not have standing to argue the evidence obtained from the cell phone was unlawfully seized in violation of his rights under the Fourth Amendment to the United States Constitution. Brown's trial counsel did not provide ineffective assistance of counsel by failing to move to suppress the evidence obtained from the cell phone.

II.    *Appellate Counsel Was Not Ineffective*

To establish ineffective assistance of appellate counsel, a defendant must show that counsel's performance "'fell below an objective standard of reasonableness'" and there is "'a reasonable probably that, but for counsel's deficient performance, the appeal would have been successful.'" *Khalil-Alsalaami*, 313 Kan. at 526.

Before us, Brown raises seven claims of ineffective assistance of appellate counsel. First, Brown argues that his appellate counsel:  (1) failed to incorporate Milo's affidavit into the appeal or request a remand for a hearing under *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986); (2) failed to raise speedy trial and other pretrial motion issues; (3) failed to adequately challenge the sufficiency of the evidence on appeal and

failed to raise hearsay testimony at his preliminary hearing as an issue on direct appeal; (4) failed to sufficiently argue the aggravated robbery jury instruction was erroneous on direct appeal; (5) failed to argue that his mother's cell phone should have been suppressed; (6) failed to withdraw when asked; and (7) failed to timely inform him after his appeal was decided.

Brown is not entitled to relief on any of these claims. Brown waived his argument about pretrial motions by failing to argue the issue. The sufficiency of the evidence and jury instruction issues are simply attempts to relitigate issues that were decided against him on direct appeal. Before the district court, Brown did not identify why he requested appellate counsel to withdraw, and he cannot supplement the record now. Similarly, Brown has not shown prejudice based on the delay in notifying him his appeal had been decided. Finally, Brown's remaining arguments fail because trial counsel did not provide ineffective assistance of counsel as to those issues; thus, remand for a *Van Cleave* hearing was unnecessary.

A. *Failing to incorporate Milo Brown's affidavit or raise issues related to the affidavit on appeal*

Brown asserts appellate counsel was ineffective for failing to argue the affidavit exonerated Brown and for failing to request a remand to consider ineffective assistance of trial counsel. He contends that, had his appellate counsel raised this issue, a new trial would have been granted.

As discussed, trial counsel did not provide ineffective assistance of counsel by failing to use Milo's affidavit or call Milo as a witness. Thus, appellate counsel's failure to request a *Van Cleave* hearing was not deficient representation and did not prejudice Brown.

22

B.   *Failing to argue speedy trial or other pretrial motion issues*

In his brief's statement of the issues, Brown asserts appellate counsel was ineffective for failing to raise pretrial motion issues on direct appeal. At no point in his brief does Brown argue this issue. A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. *Shelton-Jenkins v. State*, 317 Kan. 141, 143-44, 526 P.3d 1056 (2023).

C.   *Failing to effectively challenge the sufficiency of the evidence*

Brown argues his appellate counsel provided ineffective assistance of counsel by failing to make certain arguments challenging the sufficiency of the evidence. Brown argues his appellate counsel should have focused on the absence of a gun, the absence of DNA evidence, fingerprints, and ballistics testing to show there was insufficient evidence supporting his convictions. He also argues his confession was coerced and appellate counsel failed to argue the evidence would not have been sufficient to prove his attempted aggravated robbery conviction without his confession. Essentially, Brown now complains his convictions were based on his confession and circumstantial evidence, and appellate counsel did not sufficiently challenge either.

To the extent Brown argues his appellate counsel was ineffective for failing to argue his confession was coerced and could not contribute to the sufficiency of the evidence, Brown's argument is without merit. Appellate counsel devoted five pages of his appellate brief to arguing the confession was involuntary. The Kansas Supreme Court disagreed. *Brown*, 306 Kan. at 1156. As a result, Brown's confession did help prove Brown participated in Rhone's death.

Although Brown's appellate counsel did not argue the lack of physical evidence, he did attack Brown's convictions as based on circumstantial evidence. Brown's

23

appellate counsel argued there was no evidence property was taken from Tampone's presence. He asserted there was no evidence Brown went to Tampone's "to take stuff" and that there was no evidence a taking occurred when Tampone was killed. Appellate counsel similarly contended that there was only "speculation" as to what happened when Rhone was killed. He also suggested there was no evidence of an aggravated robbery or that anyone demanded drugs or cash from Rhone.

Despite appellate counsel's arguments, our Supreme Court found sufficient evidence supported Brown's convictions. *Brown*, 306 Kan. at 1164. As the *Brown* court noted: "'[A] conviction of even the gravest offense can be based entirely on circumstantial evidence and the inferences fairly deducible therefrom.'" 306 Kan. at 1157. Even had Brown's appellate counsel raised the lack of physical evidence, the Supreme Court would have still affirmed Brown's convictions based on his confession and the circumstantial evidence. Appellate counsel did not provide ineffective assistance.

      D.     *Failing to raise on appeal the issue of hearsay during Brown's preliminary hearings*

Brown argues his appellate counsel provided ineffective assistance of counsel by failing to raise the issue of hearsay at the preliminary hearing or for failing to request a remand for a *Van Cleave* hearing on trial counsel's ineffective assistance of counsel.

Again, Brown complains he would not have been bound over but for Porter's testimony. But, as discussed, Porter's testimony was offered solely against Milo Brown, not Shawn Brown. Because Porter's testimony was not offered for Shawn Brown's culpability, appellate counsel did not provide ineffective assistance of counsel by failing to raise this issue.

24

E.      *Failing to sufficiently argue the aggravated robbery jury instruction was erroneous*

Brown argues he received ineffective assistance from appellate counsel because counsel failed to sufficiently argue the aggravated robbery jury instruction was erroneous. But Brown's K.S.A. 60-1507 counsel did not raise the aggravated robbery jury instruction in his supplemental K.S.A. 60-1507 pleading. Issues not raised before the district court cannot be raised for the first time on appeal. *Green*, 315 Kan. at 182. Thus, this claim is not properly before us.

F.      *Failing to argue evidence from Brown's mother's cell phone should be suppressed*

Brown argues that he received ineffective assistance of counsel because appellate counsel should have requested a remand for a *Van Cleave* hearing based on trial counsel's ineffectiveness. But, as discussed above, Brown did not have standing to argue the allegedly unlawfully seized cell phone should have been suppressed. Thus, his trial counsel did not provide ineffective assistance of counsel, and a *Van Cleave* hearing was unnecessary. His appellate counsel did not provide ineffective assistance of counsel by failing to request a *Van Cleave* hearing.

G.      *Failing to withdraw when asked*

In denying Brown's K.S.A. 60-1507 motion, the district court noted: "[T]here is no showing as to the nature of the conflict nor the timeline regarding the alleged request to withdraw." Brown argues appellate counsel provided ineffective assistance of counsel because he refused to raise all of Brown's issues and did not remove himself from the case after Brown instructed him to do so. Brown asserts that "there was an irreconcilable disagreement on how to proceed on direct appeal, and a complete breakdown in

25

communication between appeal counsel and Mr. Brown, as counsel refused to raise issues that Mr. Brown sought to raise so Mr. Brown requested counsel to remove himself from his case."

Presumably, Brown frames his argument this way because Kansas appellate courts have long held that the failure to raise every issue requested by a defendant is not ineffective assistance of counsel. Instead, "counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." *Baker v. State*, 243 Kan. 1, 10, 755 P.2d 493 (1988). Had Brown framed this issue solely as appellate counsel providing ineffective assistance for failing to raise every issue he wanted raised, Brown would not be entitled to relief.

Neither the United States nor the Kansas Constitutions "guarantee the defendant the right to choose which attorney will be appointed to represent the defendant." *State v. Brown*, 300 Kan. 565, 575, 331 P.3d 797 (2014). A defendant wishing to have different counsel appointed "'must show "justifiable dissatisfaction" with his or her appointed counsel,' which can be 'demonstrated by showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant.'" 300 Kan. at 575. The defendant has the burden to identify why he or she is dissatisfied with his or her appointed attorney. 300 Kan. at 575. But if the court has "'a reasonable basis'" to believe the relationship "'has not deteriorated to a point where appointed counsel can no longer give effective aid in the fair presentation of a defense, the court is justified in refusing to appoint new counsel.'" *State v. Wells*, 297 Kan. 741, 754, 305 P.3d 568 (2013).

In his supplemental K.S.A. 60-1507 pleading, Brown simply stated: "Petitioner asked appellate counsel to remove himself from the case and counsel did not bring this to the attention of the appellate courts, and continued to represent petitioner." And in his pro se supplemental K.S.A. 60-1507 issues, Brown alleged: "Counsel was asked to

26

remove himself from the defendant case which appellant counsel didn't do. Counsel went on to argue said brief." Brown did not identify the reason he requested counsel withdraw before the district court, and the district court had no opportunity to consider the merits of his claim. Brown cannot raise the issue now. See *Green*, 315 Kan. at 182.

Even had Brown raised this issue below, he is likely not entitled to relief. Throughout both this case and his underlying criminal cases, Brown filed numerous pro se motions (including some while he had appointed counsel). Brown knew both how to file and was comfortable filing motions pro se. Despite this, Brown did not file a motion for new appellate counsel.

H.  *Failing to promptly advise Brown that his direct appeal had been adversely decided*

Brown contended that "[a]ppellate counsel failed to advise petitioner when the appeal was over, which was in September, and petitioner didn't find out until December of 2017." And Brown's pro se supplemental K.S.A. 60-1507 issues noted: "[Appellate] counsel failed to let the defendant know that his appeal was over September 15 of 2017, defendant didn't find out until December 18, of 2017." The district court concluded that there was no prejudice because Brown filed his K.S.A. 60-1507 motion within the applicable time limitations.

On appeal, Brown expands his argument, suggesting he was not provided an opportunity to petition for rehearing or petition for certiorari. Similarly, he asserts that, had he been timely notified his appeal was complete, "he could have spent that time conducting research and preparing a petition." Finally, Brown asserts he was not provided a copy of his transcripts, "which limited his ability to prepare his pro se pleadings, with the district court denying several issues finding the issues were conclusory or contrary to

the record." He requests a remand for a full evidentiary hearing and the ability to file an amended K.S.A. 60-1507 motion with newly appointed counsel.

The State correctly notes that none of this information was presented to the district court for its review. Again, issues not raised before the district court cannot be raised for the first time on appeal. *Green*, 315 Kan. at 182. Even if Brown had raised these issues below, he would not be entitled to relief.

Assuming appellate counsel's performance was deficient, Brown still has not shown prejudice. In his appellate brief, Brown identifies three potential prejudices: inability to move for rehearing, inability to petition for a writ of certiorari, and less time to prepare his K.S.A. 60-1507 motion.

First, appellate counsel's failure to move for rehearing did not prejudice Brown. The Kansas Supreme Court unanimously affirmed Brown's convictions and sentences on direct appeal. *Brown*, 306 Kan. at 1166. Thus, it is unlikely that, even if Brown's motion for rehearing were granted, enough justices would change their opinion to affect the outcome. See *Macomber v. State*, No. 124,289, 2022 WL 3132135, at *8 (Kan. App. 2022) (unpublished opinion) (finding no basis for prejudice when K.S.A. 60-1507 motion and brief do not contain "a colorable argument . . . to show a reasonable probability that one of the justices in the majority would have changed his or her vote in his direct appeal"). Because Brown cannot show a reasonable probability the motion for rehearing would be granted and that some of the justices would change their vote, Brown cannot show prejudice.

Second, Brown cannot show prejudice based on his appellate counsel's failure to file a petition for writ of certiorari. In *Nelson v. State*, No. 114,435, 2017 WL 462403 (Kan. App. 2017) (unpublished opinion), another panel of this court considered whether a defendant had the right to effective assistance of counsel in filing a writ of certiorari.

28

After analyzing *Kargus v. State*, 284 Kan. 908, 914-16, 169 P.3d 307 (2007), and Kansas and federal statutes, the panel concluded a defendant does not have a right to effective assistance of counsel in filing a writ of certiorari with the United States Supreme Court. *Nelson*, 2017 WL 462403, at *10. We do not find Brown is entitled to relief.

Finally, Brown cannot show he was prejudiced because he had less time to prepare his K.S.A. 60-1507 motion. This argument is unpersuasive. The Supreme Court decided Brown's direct appeal on September 15, 2017. *Brown*, 306 Kan. at 1145. Thus, Brown had until September 15, 2018, to file his K.S.A. 60-1507 motion. See K.S.A. 2024 Supp. 60-1507(f)(1)(A). Brown filed his K.S.A. 60-1507 motion in his criminal cases on May 29, 2018, more than 100 days before the expiration of the statutory time limitation for filing his K.S.A. 60-1507 motion. Brown had sufficient time to prepare his K.S.A. 60-1507 motion. Brown was not prejudiced by counsel's failure to tell him that his appeal was final until three months after the decision was issued.

Affirmed.